## HICKOK v. HUNTER, Warden.

### No. 3125.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1945.

Writ of Certiorari Denied Nov. 5, 1945.

See 66 S.Ct. 137.

Chas. B. Hickok, of Shawnee, Okl. (Humphrey Biddle, of Leavenworth, Kan., on the brief), for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Kansas, denying discharge in a habeas corpus proceedings.

In December, 1940, petitioner was indicted in the United States District Court for the Northern District of Alabama. The indictment, containing one count, charged petitioner and others with unlawfully conspiring to violate the National Stolen Property Act, 18 U.S.C.A. §§ 413–419, to wit, to transport or cause to be transported in interstate commerce, money in the sum of and value of $5,130, which said sum of money had theretofore been feloniously and fraudulently taken by the conspirators. On a trial to a jury, represented by counsel, petitioner was found guilty and sentenced to a term of eight years, and no appeal was taken from the conviction.

Sections 413–419, 18 U.S.C.A., embrace what is properly known as the National Stolen Property Act. 18 U.S.C.A. § 415, Section 3, 48 Stat. 794, as amended August 3, 1939, c. 413, Section 1, 53 Stat. 1178, makes it an offense punishable by fine of not more than $10,000 or imprisonment for not more than ten years, or both, to transport or cause to be transported in interstate commerce, "any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen, feloniously converted, or taken feloniously by fraud * * *." 18 U.S.C.A. § 418, Section 4, 53 Stat. 1179, provides that any person violating Section 415 (or other related sections) may be tried in "any district from, into, or through which such goods, wares, or merchandise, or such securities, or money * * * have been

transported or removed." 18 U.S.C.A. § 418a, Section 5, 53 Stat. 1179, under which the appellant herein was indicted, tried, convicted and sentenced, provides that if two or more persons conspire to violate Section 415 (or other related sections) and commit any overt act toward carrying out the conspiracy, "such * * * persons shall be punished in like manner as hereinbefore provided by sections 413–419 of this title."

In August, 1944, petitioner brought this proceeding for a writ of habeas corpus, alleging as grounds for his illegal restraint that the indictment charged only a conspiracy to steal certain sums of money and did not charge a conspiracy to transport in interstate commerce sums of money theretofore stolen. Alternatively, petitioner contends that if the indictment should be found to charge a conspiracy under the indicting statute the trial court nevertheless did not have jurisdiction of the offense because the indictment did not allege any transportation of the stolen money "from, into, or through" the Northern District of Alabama, as required by the venue section of the Act (18 U.S.C.A. § 418).

Upon a hearing on the petition for the writ the trial court concluded that the indictment charged an offense under the conspiracy section of the Act (418a), and that the offense thus charged was entirely separate and distinct from the offense of transporting the stolen money in interstate commerce under section 415, venue for which is controlled by Section 418, and that venue for the conspiracy offense charged, was not controlled by the requirements of Section 418. Adopting the principles applicable under the general conspiracy statute (18 U.S. C.A.§ 88), and limiting its inquiry to the narrow question of the court's jurisdiction of the offense charged, the trial court concluded that since the indictment charged in statutory language that the petitioner and others conspired within the jurisdiction of the court which tried them, and alleged overt acts committed in furtherance of the conspiracy, it charged an offense over which the court had jurisdiction, and the indictment was therefore not fatally defective on habeas corpus.

The language employed in 418a to describe the offense of conspiracy is not unlike the language contained in the general conspiracy statute, and the essential ingredient of one should be no different

than the other. It is well settled that venue under the conspiracy statute may be laid either where the conspiracy was formed or where any overt act in furtherance thereof was committed. Hudspeth v. McDonald, 10 Cir., 120 F.2d 962.

Section 418a refers to the previous sections of the statute for the punishment authorized but makes no reference to, nor is it dependent upon the previous sections for jurisdictional venue. Transportation of the stolen money "from, into or through" the state of Alabama is not an essential ingredient of the conspiracy described in 418a, hence an allegation of such transportation is not essential to the validity of an indictment which attempts to charge an offense under the conspiracy statute.

Petitioner cannot in this proceeding impeach the allegations in the indictment to the effect that the conspiracy was formed within the jurisdiction of the court. It must be presumed here that the proof sufficiently supported these allegations which clearly satisfy all jurisdictional requirements on habeas corpus.

The judgment is affirmed.