## LADNER et al. v. UNITED STATES.
### No. 12202.

Circuit Court of Appeals, Fifth Circuit.
June 10, 1948.

Rehearing Denied July 16, 1948.

Richard A. Dowling, of New Orleans, La., R. W. Thompson, Jr., of Gulfport, Miss., and Robert L. Genin, of Bay St. Louis, Miss., for appellants.

Robert Weinstein, U. S. Atty., and N. E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The appellants were convicted of conspiring to interfere with interstate commerce in violation of an act approved June 18, 1934.[1] The statute was rewritten and materially changed by an amendment enacted July 3, 1946.[2] The amended act does not apply in this case, since the crime is alleged to have been committed in 1944; but this prosecution is saved by Section 13 of the Revised Statutes of the United States.[3]

The gist of the offense, as charged in the indictment, is that the defendants, one of whom was a deputy sheriff and the other a member of the Board of Supervisors, under

---

[1] 48 Stat., p. 979, ch. 569, 18 U.S.C.A. § 420a.

[2] 60 Stat., p. 420, ch. 537, 18 U.S.C.A. § 420a.

[3] 1 U.S.C.A. § 29; United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480.

the guise of enforcing state laws, conspired to arrest the drivers of interstate motor trucks for alleged violations of said laws, and to inform the drivers and owners thereof that by the payment of sums of money to defendants personally, the charges would not be prosecuted, and thereafter the drivers would not be arrested. It was a part of said alleged conspiracy to restrain the movement of merchandise in interstate commerce, and thereby to coerce the payment of 'money to defendants for immunity from prosecution for past and future offenses.

This conspiracy evidently was formed in Mississippi, where the appellants resided and held their respective offices; but one overt act in furtherance thereof was committed in the Eastern District of Louisiana. The appellants had been to New Orleans and were driving back to Mississippi, when they stopped at the White Kitchen, a restaurant in Louisiana. There, as the jury by its verdict found, Necaise made an offer in furtherance of the conspiracy to grant immunity to truck operators from prosecution for past and future offenses upon the payment to him of $800. The offer was not accepted because deemed too high by the truck operator; and a counter offer of $400 was made, which Necaise refused. There was testimony that the operator had been referred to Necaise by the Sheriff of Hancock County, Mississippi.

■■■ This statute, as the one in the Singer case, does not require an overt act to complete the offense,[4] although the existence of the conspiracy may be inferred from the commission in concert of overt acts by the defendants. In this indictment, it was not necessary to allege with technical precision all the elements essential to the commission of the substantive offenses that were the object of the conspiracy.[5]

■■■ Venue in the prosecution for conspiracy may be laid in any district in which any act in furtherance thereof was committed by any of the conspirators.[6] Ample proof was made of acts by both Ladner and Necaise in furtherance of the conspiracy in Mississippi, and we think the jury were warranted in finding that the offer of Necaise to accept $800 to prevent interference with the movements of the Herrin trucks was an act in furtherance of the Mississippi conspiracy. It is immaterial whether or not the act in Louisiana in furtherance of the conspiracy was done by only one of the defendants if it was done in furtherance of the conspiracy that was proven to have been formed in Mississippi.[7]

■■■ The motion for a bill of particulars and the application for a continuance were matters within the sound discretion of the court, and we cannot say that this discretion was abused. There is nothing in the record to indicate that the appellants were surprised or prejudiced by the action of the court in either matter. The witnesses, whose alleged absence was the basis for the requested continuance, appeared at the trial and testified or were offered as witnesses, though some of them were not permitted to testify because their evidence was irrelevant and incompetent.

We find no reversible error in the record, and the judgment appealed from is affirmed.

4 Cf. Singer v. United States, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285.

5 Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545.

6 Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas. 1914A, 614; Davis v. United States, 5 Cir., 148 F.2d 203.

7 Baker v. United States, 4 Cir., 21 F. 2d 903, certiorari denied 276 U.S. 621, 48 S.Ct. 301, 72 L.Ed. 736; Sell v. Rustad, 8 Cir., 22 F.2d 968; Burton v. Smithers, 4 Cir., 31 F.2d 966; Dowdy v. United States, 4 Cir., 46 F.2d 417; Enrique Rivera v. United States, 1 Cir., 57 F.2d 816; Smith v. United States, 9 Cir., 92 F. 2d 460; Pullin v. United States, 5 Cir., 104 F.2d 57, certiorari denied, 308 U.S. 552, 60 S.Ct. 97, 84 L.Ed. 464; Hickok v. Hunter, 10 Cir., 150 F.2d 635, certiorari denied 326 U.S. 765, 66 S.Ct. 137, 90 L.Ed. 461.