**UNITED STATES of America**

**v.**

**Juan Hernandez VALLE, Isabel Rosado Morales, Santiago Gonzalez Castro, Antonio Herrera Moreno, Pedro Aviles, Carmen Dolores Torresola, Serafine Colon, Esteban Quinones Escute, Angel Luis Arzola, Miguel Vargas, Maximino Pedraza, and Julio Flores Medina, Defendants.**

United States District Court,
S. D. New York.
Jan. 6, 1955.

J. Edward Lumbard, U. S. Atty., New York City, for United States, Julio E. Nunez and Thomas M. Debevoise, Asst. U. S. Attys., New York City, of counsel.

Conrad J. Lynn, New York City, for defendants Arzola, Vargas, Pedraza and Medina.

IRVING R. KAUFMAN, District Judge.

The defendants Arzola, Vargas, Pedraza and Medina move to dismiss the indictment on the ground that venue is improperly laid in this district since all acts allegedly committed by said defendants were committed outside the Southern District of New York and within the city of Chicago, state of Illinois. The motion to dismiss the indictment because of indefiniteness was withdrawn on the argument.

Twelve defendants are named in this indictment, returned on October 29, 1954, charging seditious conspiracy in violation of Title 18, U.S.C. § 2384. The moving defendants are four of the twelve. They reside in Chicago, Illinois. The remaining defendants reside in Puerto Rico and in New York City, respectively.

The indictment charges that from on or about September 1, 1950 and continuously thereafter up to and including the date of the filing of the indictment in the Southern District of New York, in the Southern District of New York, at Chicago, Illinois, at San Juan, Puerto

Rico, and at other places to the Grand Jurors unknown, the twelve defendants did unlawfully conspire together and with eighteen others, co-conspirators but not defendants, to overthrow, put down and destroy by force the Government of the United States, and to oppose by force the authority of the Government of the United States.

The indictment also asserts the means by which the alleged conspiracy was to be accomplished. The introductory paragraph to these "means" clauses alleges that steps were taken in the Southern District of New York as well as other places. Two of the steps for the carrying out of the conspiracy, according to the allegations in the indictment, were actually committed in the Southern District of New York as well as other places.[1]

It will be observed, therefore, that the Southern District of New York is fixed in the charging paragraph as one of the districts in which the conspiracy was entered into as well as one of the districts in which some action was taken for the effectuation of the conspiracy.

The crux of the defendants' position is stated in the following way: "To argue that these defendants were all a part of one conspiracy, and, therefore, for the convenience of the government they should be made to stand trial in this district with the other eight defendants charged is * * * to flout * * * constitutional guarantees * * *." (P. 3, defendants' brief.)

As authority for their position the defendants cite the Constitution, Article III, Section 2, Paragraph 3[2] as well as the Sixth Amendment.[3] They also cite Rule 18 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[4] I do not read the Constitutional guarantees and Rule 18 as a barrier to the government's prosecution of the instant case in this district. Upon the face of the indictment it appears that the conspiracy and some of the steps to carry out the conspiracy were committed in the Southern District of New York. At this point in the proceedings and confronted with a motion which charges that upon its face the indictment is insufficient on the ground of improper venue, I cannot speculate on the proper venue in fact, but must read and accept the clear language of the allegations

---

1. 2. It was further a part of said conspiracy that defendants and co-conspirators, as active members, leaders, officers and persons in control of the Nationalist Party of Puerto Rico, would and did organize, and cause to be organized, branches of said Party in the Southern District of New York, in Puerto Rico, Chicago, Illinois, and divers other places to the Grand Jurors unknown, and would and did hold meetings, maintain organizational discipline, collect funds, recruit personnel and engage in other activities, all with the purpose of bringing about the independence of Puerto Rico from the United States by the use of force and violence and armed revolution and to oppose by force the authority of the Government of the United States.

3. It was further a part of said conspiracy that defendants and co-conspirators would and did purchase, store and secrete firearms, ammunition and other weapons and cause to be transported to the Southern District of New York and Puerto Rico firearms, ammunition and other weapons, in preparation for an armed revolution against the Government of the United States in Puerto Rico.

2. The relevant portion of this Article provides:
"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed * * *."

3. The relevant portion of the Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *."

4. The relevant portion of Rule 18 provides: "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed * * *."

fixing venue in this district by reason of the commission of the charged acts.

 It is a well established principle that if any conspirator performs an act in furtherance of a conspiracy in one district, that district has jurisdiction over all the conspirators, although some were never physically present there. The Constitution and Rule 18 guarantee a trial in the district in which the offense was committed and the cases have established that the crime of conspiracy is committed in a district where the conspiracy was entered into, or, steps taken to effectuate the conspiracy were performed. Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; United States v. Downing, 2 Cir., 1931, 51 F.2d 1030; Ladner v. United States, 5 Cir., 1948, 168 F.2d 771, certiorari denied, 1948, 335 U.S. 827, 69 S.Ct. 53, 93 L.Ed. 381; cf. United States v. Cohen, 3 Cir., 1952, 197 F.2d 26. The Constitution and Rule 18 do not compel a trial in the place of residence of the defendants which in effect these defendants seek by the instant application.

Justice Harlan in Burton v. United States, 202 U.S. 344, at page 387, 26 S.Ct. 688, at page 701, 50 L.Ed. 1057 stated the appropriate principle: "The constitutional requirement is that the crime shall be tried in the State and District where committed; not necessarily in the State or District where the party committing it happened to be at the time. This distinction was brought out and recognized in Palliser's case [Palliser v. U. S.] 136 U.S. 257, 265, 10 S.Ct. 1034, 34 L.Ed. 514, 517." In direct reply to the defendants' assertion that the trial of these defendants away from their place of residence is an oppression and a violation of their constitutional rights, Mr. Justice Mc-

Kenna in Hyde v. United States, stated 225 U.S. at page 363, 32 S.Ct. at page 800:

"It is not an oppression in the law to accept the place where an unlawful purpose is attempted to be executed as the place of its punishment, and rather conspirators be taken from their homes than the victims and witnesses of the conspiracy be taken from theirs."[5]

The defendants seem to show some concern over their inability to pay the necessary witness fees for those witnesses, if any, who will be compelled to travel from Chicago to New York. Ample provision is made for an indigent defendant to obtain the presence of witnesses without cost to him. See F.R.Crim.Proc. rule 17(b).

The motion to quash upon the ground stated is accordingly denied. So ordered.

---

5. In some instances the operation of this rule may be unduly harsh. However, there is an adequate remedy for this. Rule 21(b) provides for the transfer of a criminal proceeding as to a particular defendant or defendants if such a transfer is "in the interest of justice". Upon the papers presented to the Court no showing sufficient to invoke this Rule has been made.