**Jewell B. MOOMAW, James Edward Crittenden and Kenneth Wallace Morrison,**

v.

**UNITED STATES of America.**

**No. 15055.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

Harold T. Pounders, Florence, Ala., for appellants.

Frank M. Johnson, U. S. Atty., Birmingham, Ala., M. L. Gwaltney, Fred S. Weaver, Asst. U. S. Attys., Double Springs, Ala., on the brief for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellants and others were tried in the Northern District of Alabama under a 16-count indictment. Count One charged that the defendants had conspired to violate federal internal revenue laws relating to distilled spirits and listed 78 alleged overt acts. The specific acts which were in themselves violations of law were charged in subsequent counts as substantive offenses. Appellants were convicted on the conspiracy count only, and their appeal raises three questions. They contend: (1) that Count One affirmatively alleges and the proof relates to the operation of a still in Tennessee, and that the trial court therefore was without jurisdiction to try the offense charged; (2) that the trial

court improperly allowed the Government to cross-examine and impeach one of its witnesses, one Johnson; and (3) the evidence was insufficient to prove appellants guilty of the conspiracy.

■ The first issue was raised by appellants' motion to quash and by objections to all testimony relating to the activities in Tennessee. Count One charged that from July 1, 1951, to September 1, 1953, in the Northern District of Alabama, appellants and others named therein did conspire to commit acts made offenses by the Internal Revenue Code [1] in that they: carried on the business of a distiller without the required bond and with intent to defraud the United States of taxes; possessed and controlled unregistered stills and distilling apparatus; transported, possessed, bought, sold and transferred whiskey in containers to which proper revenue stamps were not affixed; removed, deposited and concealed whiskey with intent to defraud the United States of the tax; carried on the business of retail and wholesale liquor dealers without payment of special taxes; and made and fermented mash upon premises not authorized by law. Among the overt acts charged were many which occurred in Tennessee, where, it was alleged, appellant Morrison owned a tract of land, bought in his mother's name, on which stills were built and operated. During the trial, the Government offered much evidence to show the facts concerning the purchase of the Tennessee property and tending to prove the operation of stills thereon by Morrison and other defendants. All of this testimony was admitted over objections by appellants, who argued and now contend that the events and acts charged and proved occurred outside the jurisdiction of the trial court.

■ The argument is based upon the erroneous assumption that Count One charges the substantive offense of operating a still. It is true that Count One specifically mentions the operation of stills and the carrying on of a distilling business; and it is also true that the only proof of such acts shows them to have occurred in Tennessee. However, the *offense* charged in Count One is the single conspiracy, not the violation of the substantive statutes. The conspiracy itself is the crime, and it does not arise under the statute which the conspirators propose to violate. American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; United States v. Lutwak, 7 Cir., 195 F.2d 748; Williams v. United States, 5 Cir., 179 F.2d 644. When a single conspiracy is charged, the trial court has jurisdiction if any overt act in furtherance of that conspiracy is done within the territorial jurisdiction of the court, even though other overt acts be alleged and proved to have occurred elsewhere. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; United States v. Cohen, 3 Cir., 197 F.2d 26; United States v. Bazzell, 7 Cir., 187 F.2d 878; Ladner v. United States, 5 Cir., 168 F.2d 771; Kott v. United States, 5 Cir., 163 F.2d 984. Hence, there is no merit in appellants' attack on the jurisdiction of the trial court.

■ Since the indictment alleged one grand conspiracy, with many overt acts occurring in the Northern District of Alabama, we think the trial court did not err in admitting the Government's evidence concerning the conditions and events in Tennessee. According to the indictment, these circumstances formed an integral part of the over-all operation and were properly considered part of the res gestae. Appellants' objections to this evidence were properly overruled.

Testimony against appellant Moomaw was given by the Government witness Johnson, who stated that he had worked for Moomaw and had been arrested in Moomaw's truck while transporting a load of "wildcat" whiskey. When Johnson first took the stand he was most re-

---

I. Title 26 U.S.C., former sections 2810, 2833, 2834, 3321, 2803 and 3253.

luctant to answer any questions but finally stated he was afraid and did not want to testify. Government counsel moved for permission to cross-examine him as a hostile witness, which was allowed over objection. In response to leading questions which referred to written statements previously signed by him, Johnson revealed some facts implicating Moomaw; but under examination by counsel for Moomaw, he virtually repudiated all such testimony. He was dismissed; but the following day he was recalled to the stand by the Government. Counsel for appellants objected to any testimony contradictory to that given on the previous day on the ground that the Government was attempting to impeach its own witness. The objection was overruled, and Johnson testified fully, implicating Moomaw in some detail and referring to facts also involving appellant Morrison. On cross-examination, it developed that after his testimony the previous day he had been told by Government counsel that he would be given protection if he feared reprisals for testifying.

■■ It is well settled that when it appears a party is genuinely surprised by adverse testimony from his own witness, the trial court may, in its discretion, allow the party calling the witness to cross-examine and to interrogate him as to prior contradictory statements to the extent necessary to overcome the effects of the surprise. Culwell v. United States, 5 Cir., 194 F.2d 808; Young v. United States, 5 Cir., 97 F.2d 200, 117 A.L.R. 316; New York Life Ins. Co. v. Bacalis, 5 Cir., 94 F.2d 200. Compare London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325. Here it was obvious from his halting, evasive answers and from his refusal to respond at all to some questions, that Johnson was either very hostile toward the Government or in great fear of physical harm. Although he refused to explain the reason for his hostility and fear when he was first called to the stand, the fact that he willingly testified in detail after reassurances is indicative of the fact that he was under considerable pressure the first day. Under the circumstances, we find that the trial court did not abuse its discretion in allowing the Government to cross-examine Johnson and to recall him for subsequent, willing testimony. Further, it is pertinent to point out that Johnson's testimony, though damaging to appellants Moomaw and Morrison, was only corroborative of other clearly admissible evidence tending to prove them guilty of the conspiracy.

■■ As to appellants' final contention that the evidence was insufficient to support their conviction, it is sufficient to state that we have found no manifest error. There is ample direct and circumstantial evidence as to Moomaw and Morrison, and we think there is sufficient indirect evidence, if believed, to support the inference that Crittenden was involved in the distribution of whiskey for the "ring". In any event, the question was not properly preserved for appeal since no motions for acquittal were filed as required by Rule 29 of Federal Rules of Criminal Procedure, 18 U.S.C. Under the circumstances, we deem it unnecessary to recite the evidence.

Affirmed.