**UNITED STATES of America, Plaintiff,**

**v.**

**Morris MALINSKY, Louis Rapkin, Irving Greene, Albert Pfeffer, Milton Tillinger, David Lustigman, Isidore Schwartz, Robert Barbieri, Robert Felt, Joseph Meglino, Sam Vogel, Sam Stolzenberg, a/k/a Sam Stowe, Defendants.**

United States District Court
S. D. New York.
Sept. 6, 1956.

Paul Williams, U. S. Atty. for Southern Dist. of New York, New York City, for the United States. Myles J. Ambrose, William S. Lynch, Asst. U. S. Attys., New York City, of counsel.

Meyer Licht, New York City, for defendant Sam Vogel.

Joseph A. Solovei, Brooklyn, N. Y., for defendant Morris Malinsky.

Joseph Lew, New York City, for defendant Robert Felt.

Norbert Ruttenberg, New York City, for defendants Louis Rapkin and Irving Greene.

Abraham Pollock, New York City, for defendant Sam Stolzenberg.

Jacob P. Lefkowitz, New York City, for defendant Robert Barbieri.

Harold O. N. Frankel, New York City, for defendants Albert Pfeffer, Milton Tillinger, David Lustigman and Isidore Schwartz.

WALSH, District Judge.

The defendants move to dismiss the indictment because it does not allege with

sufficient particularity the manner in which the alleged extortion affected interstate commerce. They also move in the alternative for bills of particulars. The motions are denied.

■ The indictments were filed under 18 U.S.C. § 1951. To charge a crime under this section it is not necessary to allege that the person from whom money was extorted was engaged in interstate commerce nor is it necessary that the act of extortion was itself of an interstate character. All that is required is that the extortion or the conspiracy to extort be of such a nature that it affects interstate commerce in some degree. The language of the statute is "in any way or degree".

■ The indictment charges in substance that the defendants conspired to obstruct the movement in interstate commerce of green cucumbers and pickles by extorting money from certain named persons and from others. This allegation spells out a crime under this section and it is sufficiently precise to meet the general requirements as to an indictment. Under these circumstances the motions must be denied.

To the extent that United States v. Callanan, D.C.E.D.Mo., 113 F.Supp. 766 may be read as supporting some other rule, I decline to follow it. Defendants also rely upon certain holdings with respect to the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, requiring that an indictment allege particulars showing a direct and substantial effect upon interstate commerce. United States v. French Bauer, Inc., D.C.S.D.Ohio, 48 F.Supp. 260, appeal dismissed 318 U.S. 795, 63 S.Ct. 529, 87 L.Ed. 1160; United States v. Starlite Drive-In, Inc., 7 Cir., 204 F.2d 419. These cases are not in point. Whereas under that Act it may be that a court must find that the acts complained of have a direct and substantial effect on interstate commerce, under the subject statute there is no need for such a finding. The statute provides that effect in "any way or degree" is suffi-

cient. Congress itself has concluded that any effect upon interstate commerce in any degree caused by extortion or conspiracy contemplating extortion is in itself substantial. The substantiality of the effect is not left to judicial determination. The only question is whether the prohibited activity is within the reach of Congress. See United States v. Darby, 312 U.S. 100, 120, 657, 61 S.Ct. 451, 85 L.Ed. 609. Congress quite understandably might prohibit extortion or conspiracies based on extortion which affect interstate commerce in any degree. Their corrosive quality is not likely to be subject to quantitative measurement to the same extent as the economic effect of combinations in restraint of trade.

■ Defendants have also moved for extensive bills of particulars stating with greater particularity details as to the agreements between the parties; how the conspiracy affected interstate commerce; when it began, who its members were; what time the various members entered the conspiracy and a catalogue of the acts attributable to each conspirator. The government is not obligated to supply this information in advance of trial. The purpose of a bill of particulars is to inform the defendant as to the crime for which he must stand trial, not to compel the disclosure of how much the government can prove and how much it cannot nor to foreclose the government from using proof it may develop as the trial approaches. Discovery in criminal proceedings is not comparable to discovery in civil because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury. Defendants must find their compensation in the presumption of innocence and in the high burden of proof which the prosecution must meet.

Here a reading of the indictment leaves no doubt as to the alleged conduct of the defendants which is the basis of the charge. The pattern of the alleged crime is clearly apparent from the particulars given. These particulars are ample and

well beyond the minimum required by law. Accordingly, the motions for bills of particulars are denied.

■ The defendant Vogel also moves for a severance because the overt act in which he is mentioned did not occur until November, 1955 whereas the conspiracy is alleged to have begun prior to October, 1951. If, as alleged, Vogel entered the conspiracy knowing its purposes, they are properly provable against him and if he were tried alone the government would have to prove the same facts to establish these purposes that it would be required to prove at a trial of all the defendants jointly. Accordingly, his application presents no proper basis for a severance and it is denied.

It is so ordered.