**UNITED STATES of America,
Plaintiff,**

v.

**Lawrence CALLANAN, Defendant.**

**No. 27761.**

United States District Court
E. D. Missouri, E. D.

May 8, 1959.

Wayne H. Bigler, Jr., Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Morris A. Shenker, St. Louis, Mo., for defendant.

WEBER, District Judge.

Lawrence Callanan has filed a Motion to Correct Sentence Under Count I, under Rule 35, F.R.Crim.P., 18 U.S.C., or, in the Alternative under Title 28, § 2255, U.S.C. Said defendant will hereinafter be referred to as Movant.

Movant was convicted in this Court under an Indictment in two counts charging him with conspiracy to extort in the first count and with the substantive offense of extortion in the second count. The Indictment was based upon Title 18, § 1951, U.S.C., known as the Hobbs Act, or the Anti-Racketeering Act.[1]

Movant was sentenced on July 19, 1954, by the late Honorable Rubey M. Hulen, then Judge of this Court, to 12 years imprisonment upon Count I (the conspiracy), and 12 years imprisonment upon Count II (the extortion), said sentences to run consecutively and cumulatively and not concurrently, with the term imposed in Count I. However, the sentence imposed under Count II was suspended and he was placed upon probation under Count II for a period of five years, which term of probation was ordered to begin and run consecutively and not concurrently with the term of

---

1. Title 18, § 1951, U.S.C., in its pertinent part: "(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."

imprisonment of 12 years imposed upon defendant under Count I. (In other words, the probation period was to begin at the end of the service of the sentence imposed in Count I.)

Movant began serving his sentence immediately, but his case, along with his co-defendants, was appealed to the United States Circuit Court of Appeals for the Eighth Circuit, and the decision affirming his conviction, sentence and judgment is found in Callanan v. United States, 1955, 223 F.2d 171, certiorari denied 350 U.S. 862, 76 S.Ct. 102, 100 L.Ed. 764.

Movant's contention in his Motion for Correction of Sentence is unique. He seeks to correct the sentence under Count I contending that it is an illegal sentence when taken together with the sentence imposed on Count II; he further contends Count I and Count II are both variants of a single offense and as he received a 12-year sentence on each count, or a total of 24 years, the sentence is therefore 4 years in excess of the maximum punishment of 20 years provided in the statute; he contends that the sentence is valid to the extent of the maximum only, to wit, 20 years, and is void as to the excess of 4 years; therefore, he seeks to have the Court correct the sentence by eliminating 4 years of the excessive judgment under Count I so as to provide for imprisonment for 8 instead of 12 years.

Although the Court cannot grant the relief Movant seeks (for the reasons that will be stated in this Opinion) he is probably entitled to an "A" for ingenuity, to say the least.

■ Movant, in his argument and brief, runs the whole gamut of cases,[2] both old and new, concerning the merging of offenses into one crime and the application of the "Rule of Lenity".[3]

The Universal C. I. T. Credit Corp. case applied the rule of lenity to record keeping provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. holding that the Act prohibited a "course of conduct" rather than separate offenses for each breach of statutory duty; the Prince case applied the rule to the crime of entry into a bank with intent to rob and the consummated robbery; the Bell case applied the rule to transportation of two women on the same trip in violation of the statute forbidding transportation for purpose of prostitution; in the recent Ladner case the Supreme Court, in reversing and remanding to the District Court, applied the rule holding that a single discharge of a shotgun constitutes only a single violation of a statute penalizing assault on federal officers even though more than one federal officer was wounded; the Heflin case follows the rule set down in the Prince case; the Gore and Harris cases refused to apply the rule in narcotic cases where the same drug was the object of both sale and possession, holding that legislation revealed the determination of Congress to "turn the screw of criminal machinery—detection, prosecution and punishment—tighter and tighter". [357 U.S. 386, 78 S.Ct. 1283.]

Movant contends that an examination of the Anti-Racketeering Act, in the light of its legislative history, suggests that while each of the disjunctive itemizations of the Act might constitute a

---

2. United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 228, 97 L.Ed. 260; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Ladner v. United States, 5 Cir., 230 F.2d 726, reversed & remanded 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199; Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Gore v. United States,

357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597.

3. Generally stated the "Rule of Lenity" is that where the intention of Congress is not clear from the Act itself, and reasonable minds might differ as to its intention, the Court will adopt the less harsh meaning. See Ladner v. United States, see note 2.

separate crime, when standing alone, the rule of lenity should be applied when more than one of the elements exist. In other words, that while a person may be prosecuted and convicted of either of the offenses enumerated in the act, he cannot be prosecuted for more than one of these offenses, as the separate acts would merge into one offense.

The rule has been well established that where a person is charged with conspiracy to violate some federal law under the general conspiracy statute (Title 18 U.S.C. § 371) and then is charged separately with doing the substantive or overt act which is the object of the conspiracy, he may be charged, tried and sentenced separately on each count or offense. See Burton v. United States, 1906, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057; United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Chew v. United States, 8 Cir., 1925, 9 F.2d 348; Pinkerton v. United States, 1946, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489; Lisansky v. United States, 4 Cir., 1929, 31 F.2d 846, 67 A.L.R. 67; Brown v. United States, 8 Cir., 1948, 167 F.2d 772; United States v. Rosenblum, 7 Cir., 1949, 176 F.2d 321.

In the Pinkerton case, supra, 328 U.S. loc. cit. 643, 66 S.Ct. loc. cit. 1182, Mr. Justice Douglas said:

"Nor can we accept the proposition that the substantive offenses were merged in the conspiracy. * * * The common law rule that the substantive offense, if a felony, was merged in the conspiracy, has little vitality in this country. It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."

To this line of cases Movant raises the charge that they refer to overt acts which are enumerated in the statutes as specific crimes and with the general stat-

ute on conspiracy. He points out that in the case at bar all the offenses, including conspiracy, are charged in just one statute and that no overt act is required.

There is no question but that the statute under which Movant was tried and convicted, neither by word nor implication, requires an overt act in its prohibition against conspiracy to obstruct commerce by extortion. Ladner v. United States, 5 Cir., 1948, 168 F.2d 771, 773, certiorari denied 335 U.S. 827, 69 S.Ct. 53, 93 L.Ed. 381.

The Circuit Court of Appeals for the 8th Circuit has affirmed conviction in cases arising under this very statute, wherein the defendants were sentenced for conspiracy and also for the overt acts of the statute. Nick v. United States, 122 F.2d 660, 669 [12], certiorari denied 314 U.S. 687, 62 S.Ct. 302, 86 L.Ed. 550, rehearing denied 314 U.S. 715, 62 S.Ct. 411, 86 L.Ed. 570; Hulahan v. United States, 8 Cir., 214 F.2d 441, certiorari denied 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 675.

In Nick v. United States, the Court said [122 F.2d 669]:

"We are unable to get the force of the argument that the indictment is duplicitous. The counts in the indictment cover at least two conspiracies: one in connection with extorting money in return for a wage contract, and the other in connection with the employment of the Co-operative Sound Service Supply Company. Also, the indictment involves at least two separate extortion acts: the payment of $6,500.00 and the 'borrowing' of $2,000."

Actually, the elements of a conspiracy are different. A substantive or overt act may be proven without involvement of a conspiracy. "It (a conspiracy) has ingredients, as well as implications, distinct from the completion of the unlawful project." (Parentheses supplied.) Pinkerton v. United States, supra, 328 U.S. loc. cit. 644, 66 S.Ct. at page 1182.

The Movant says the recent cases [2] show the trend toward a more lenient interpretation of these dual, or duplicitous, acts of Congress, and this Court should take it on itself to follow that trend.

A reading of those cases shows a rule of lenity applied where the intention of Congress is not clear. In Prince v. United States,[2] 352 U.S. at loc. cit. 325, 77 S.Ct. loc. cit. 405, the Chief Justice said:

"(This case) can and should be differentiated from similar problems in this general field raised under other statutes. The question of interpretation is a narrow one, and our decision should be correspondingly narrow."

This wording leads this Court to believe that each of these type of cases must stand on its own bottom.

■ In view of the long established holdings that conspiracy may be the subject of trial and sentence in connection with trial and sentence for the overt act, or result, of such conspiracy; in view of the holdings that this may be done in matters where this very act has been in question (Nick and Hulahan cases, supra); in further view that this exact issue in this particular statute and factual situation has not been passed upon in light of the recent decisions of the Supreme Court; it does not seem reasonable, nor logical, for this trial court to upset the verdict herein on the grounds of illegality of the sentence.

While arguing the "intent of Congress" herein, it might be just as reasonable and logical to say that Congress, at the time it passed this statute, knew of the long line of decisions holding conspiracy and overt acts to be separately punishable and therefore, inserted conspiracy in the Act as a separate crime. Even the use of the word "or" itself, denotes an intention to "separate" or "disjoin".

■ There is the further fact that this Movant appealed from the judgment of this Court to the 8th Circuit Court of Appeals; the judgment was affirmed and certiorari denied by the Supreme Court. Callanan v. United States, supra. If Movant had error to raise in this case, he failed to raise it and it is res judicata. Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, loc. cit. 817 [9]. Except for Rule 35 [4] and Title 28, § 2255, U.S. C.[5] he has exhausted his remedies.

■ Rule 35, F.R.Crim.P. provides that the Court "may correct an illegal sentence at any time". In view of the matters previously discussed, I hold that both conspiracy and the overt act may be tried and separate sentences imposed under Title 18, § 1951, U.S.C., and therefore the sentence is not illegal and that portion of Rule 35 does not apply.

If reduction of sentence is sought by Movant, under the last half of Rule 35

---

2. See note 2 on page 100.

4. Rule 35 "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

5. 28 U.S.C. § 2255 (in its applicable parts): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, etc."

(and actually that is what the long range result of his unique argument comes down to) he is too late as the Court's authority expires within the time limits therein contained.

Therefore Movant cannot have the relief he seeks under Rule 35 for the reasons heretofore stated.

Movant's alternative prayer under Title 28, § 2255, U.S.C., raises two additional problems: first, does § 2255 apply to this situation and, second, if so, is Movant entitled to relief thereunder?

In 1949 the present § 2255 was added to Title 28, which is a part of Chapter 153 on Habeas Corpus. In considering a matter of habeas corpus in Sunal v. Large, 332 U.S. 174, 177, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982, the Supreme Court said:

"The normal and customary method of correcting errors of the trial is by appeal."

The Court was there dealing with and refused to grant the writ to a defendant who failed to appeal. The Court further said concerning errors of law committed by a trial court, beginning 332 U.S. at loc. cit. 181, 67 S.Ct. loc. cit. 1592.

"That error did not go to the jurisdiction of the trial court. Congress, moreover, has provided a regular, orderly method for correction of all such errors by granting an appeal to the Circuit Courts of Appeals and by vesting us with certiorari jurisdiction. * * * If in such circumstances [a writ of] habeas corpus could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed."

In Ladner v. United States [2] the question as to the applicability of § 2255 was discussed but not determined. At loc. cit. 172 of 358 U.S., 79 S.Ct. loc. cit. 211, the Court disposed of that issue by saying that the government's contention was not raised before the District Court or the Court of Appeals, and in 358 U.S. at loc. cit. 173, 79 S.Ct. loc. cit. 211, the Court said:

"The question of the scope of collateral attack upon criminal sentences is an important and complex one, judging from the number of decisions discussing it in the District Courts and the Courts of Appeals. We think that we should have the benefit of a full argument before dealing with the question."

The Court then went on to deal with the merits of the judgment and sentence without determining the procedural question. But, Mr. Justice Clark filed a dissenting opinion in which he raised serious doubts as to the permission of collateral attacks upon judgments under § 2255. At loc. cit. 181 of 358 U.S., 79 S.Ct. loc. cit. 215, he said:

"It is clear that in enacting § 2255, Congress did not intend to enlarge the available grounds for collateral attack, but rather sought only to correct serious administrative problems that had developed in the exercise over the years of habeas corpus jurisdiction."

Therefore, the majority opinion in Ladner aforesaid lends no answer to the problem of whether § 2255 applies in these instances and the dissenting opinion indicated that one Justice believes that it did not apply.

The Supreme Court has, however, reached and decided questions of statutory construction, although the questions were raised by collateral attack on consecutive sentences. See Gore [involving § 2255] and Prince [involving F.R. Crim.P. 35][2]; also Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250 [§ 2255]; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 [habeas corpus]; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 [habeas corpus].

So, while the Court has refused to definitely say whether § 2255 applies in in-

**2.** See note 2 on page 100.

stances of this kind, yet they have considered matters on their merits when presented under that section and under habeas corpus.

■ Without determining whether § 2255 applies, let us look to the section to see what remedy it might afford one who has been tried, convicted, appealed and was refused certiorari, and now, for the first time, raises anew the issue to correct an illegal sentence.

In the first place, the section does not entitle Movant to a hearing, "unless the motion and the files and records of the case conclusively show the prisoner is entitled to relief."

In the next place, the section affords relief to a prisoner "claiming the right to be released." Heflin v. United States [358 U.S. 415, 79 S.Ct. 451, 454];[2] (for history of § 2255, see United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.)

The Movant here is not claiming the right to be released now. By the application of some higher mathematics, known only to himself and counsel, he wants to be released 4 years from now by cutting his sentence under Count I from 12 to 8 years. Yet, the 12 years sentence on Count I is certainly within the limits of the maximum punishment of 20 years. He is only serving "time" on Count I because execution of sentence under Count II was suspended. The Count II sentence has no effect on his "time" now, except to put him on 5 years probation at the conclusion of his sentence.

■■ Under § 2255 the trial court has a duty to review the files and records of the case.[5] From a review of the motion, files and records this Court holds that Movant is not entitled to relief under this section as the record clearly discloses that the Court had jurisdiction, none of his rights were violated in the trial of the case, the judgment was appealed and affirmed and the judgment imposed was within the limits prescribed

by the statute under which he was convicted. Therefore, Movant is denied relief on his alternative plea under § 2255.

■ This Court might also call attention of Movant to the ruling of the 8th Circuit Court of Appeals in Holbrook v. United States, 1943, 136 F.2d 649, loc. cit. 652, wherein the Court said:

"Since neither sentence of itself is invalid by the terms of the statute, and the only invalidity in the situation derives from the constitutional prohibition against double jeopardy or punishment, justice and reason dictate, in such a case, that the court and not the defendant shall have the right to say which of the two consecutive sentences, * * * shall be eliminated in order not to subject the defendant to the possibility of double punishment."

See also Garrison v. Reeves, 8 Cir., 1941, 116 F.2d 978; Costner v. United States, 4 Cir., 1943, 139 F.2d 429; Dimenza v. Johnston, 9 Cir., 1942, 130 F.2d 465.

Under those rulings it would be for the Court to say which one of the sentences is not proper and which one should be eliminated. It is possible that if a higher court determines the sentence to be improperly imposed that it could further say that the improper sentence was upon Count II.

Clearly, it was the intention of the sentencing judge to impose 12 years imprisonment. It was clear that he intended to impose another 12 years imprisonment but he suspended execution thereon and placed the Movant on probation for 5 years at the conclusion of his sentence under Count I. Both the 12 year sentence and the 5 year probation are within the 20 year maximum provided by the statute.

If Movant is released from prison and subsequently violates his probation and is brought in for execution of sentence upon Count II, it would then not be impossible for him to seek relief under the statute or by way of habeas corpus.

**2.** See note 2 on page 100.

**5.** See note 5 on page 102.

As the sentence imposed upon Count I is held to be legal, and within the statutory limits, this Court sees no reason at this premature date to correct the sentence as to Count II even if it had power to do so under Holbrook, supra.

In United States v. Walker, D.C.N.Y. 1952, 107 F.Supp. 218, it was said:

"Where legality of judgment of conviction was not questioned and sentence imposed was not in excess of maximum authorized and was not otherwise subject to collateral attack, and petitioner was not claiming right to be released from imprisonment, application for order resentencing petitioner or correcting sentence, * * *, was premature."

To summarize, this Court holds that the sentence imposed upon Movant was not illegal; that Movant is not entitled to relief under Rule 35; that Movant is not entitled to relief under § 2255 for the sentence imposed in Count I; that any correction of the sentence upon Count II is premature.

Wherefore, an Order shall be entered denying Movant's Motion and the relief therein sought.