**UNITED STATES of America**

v.

**Irving TOLUB, Defendant.**

**UNITED STATES of America**

v.

**Benjamin LEVINE and Irving Tolub, Defendants.**

United States District Court
S. D. New York.

Oct. 3, 1960.

---

4. Harper & James, Law of Torts, Para. 29.9 p. 1636.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States; by Robert B. Fiske, Jr., Asst. U. S. Atty., New York City, of counsel.

Jack Hirsch and Joseph E. Brill, New York City, for defendant Irving Tolub; by Joseph E. Brill, Frederick Goldfeder, New York City, of counsel.

Markewich, Rosenhaus, Beck & Garfinkel, New York City, for defendant Benjamin Levine; by Samuel Markewich, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The defendant Tolub is charged in a twelve-count indictment, (60 Cr. 726) with obstructing interstate commerce by extortion in violation of 18 U.S.C. § 1951.[1] The defendants Tolub and Levine are charged, in a separate indictment, (60 Cr. 727) with conspiracy to obstruct interstate commerce by extortion, a violation of the same section.

With respect to 60 Cr. 726, defendant Tolub moves for dismissal of counts 2–12, alleging that the indictment sets forth one continuous offense rather than twelve distinct violations. Both defendants

---

1. This section reads, in relevant parts:

"(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000., or imprisoned not more than twenty years, or both."

"(b) * * * (2) The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence or fear, or under color of official right."

move to dismiss the conspiracy indictment, alleging that it was illegally found by the Grand Jury and that the prosecution is barred by the statute of limitations.[2] In addition, defendant Levine moves to dismiss this charge on the grounds that the indictment fails to allege an overt act, and that it is merely a "camouflaged instrument" designed to deprive the defendants of their rights. Defendant Tolub also moves to require the government to elect the indictment upon which it will proceed against him. Finally, in the alternative, extensive bills of particulars have been requested in both cases.

■ At the outset, it is important to understand the context in which these motions must be decided. In the federal courts, an overwhelming presumption has been established that an indictment returned by the Grand Jury is based on competent evidence. The purpose of this presumption is the salutary one of expediting the processes of justice. As the Supreme Court expressed it in Costello v. United States, 1956, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397:

> "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury * * * An indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits."

In light of these principles, I proceed to a discussion of the several motions in the order described above.

**2.** The applicable statute of limitations is 18 U.S.C. § 3282, which provides:
"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not

### 1. Defendant Tolub's Motion To Dismiss Counts 2–12 of The Substantive Indictment.

■■ Counts 1–11 each set forth a payment allegedly received by the defendant as the result of fear induced by threats of labor trouble, while count 12 alleges an attempt to obtain a similar payment. Defendant's contention is that all payments, if received, were induced by a single threat or scheme, and thus that only one offense, if any, was committed. But this misconstrues the nature of the statute involved. This is not a statute aimed at proscribing merely a continuous course of conduct, as is, for example, a law directed at conspiracy, e. g. 18 U.S.C. § 371. A more persuasive analogy can be drawn to the statute proscribing bribery of federal employees, 18 U.S.C. § 201, under which it has been held that the receipt of each payment for a separate period of protection constituted a separate offense. See Patton v. United States, 8 Cir., 1930, 42 F.2d 68. Similarly, the present statute appears to make each obstruction of interstate commerce by means of extortion a crime, and the government has alleged 12 extortions, each with its distinct effect on commerce. Both sides advance a test, derived from Blockburger v. United States, 1931, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, under which there would be separate offenses only if each payment received resulted from a "fresh impulse" on the part of the defendant. Since the instant motion is addressed to the face of the indictment, it is not necessary to decide at this time the applicability of the Blockburger rule to this case. However, even if it were accepted, it would still be open to the government to prove on trial that each payment was induced by the requisite impulse. Thus, whatever legal criterion is adopted, the defendant's motion, at this time, must be denied.

capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

### 2. The Defendants' Motion To Dismiss The Conspiracy Indictment On The Ground That It Was Illegally Founded.

This indictment alleges a conspiracy commencing in April 1952 and continuing until the date of its filing, August 18, 1960. The defendants argue that since testimony before the Grand Jury was concluded some time prior to the filing of the indictment, the indictment is illegally found, because the Grand Jury could not possibly have investigated activity subsequent to the conclusion of testimony. This contention is plainly without merit. The inclusion of such an allegation in an indictment appears to be a common practice, and indictments similarly phrased, have uniformly been sustained by the courts. See, e. g. United States v. Morris, 2 Cir., 269 F.2d 100, 104, certiorari denied 1959, 361 U.S. 885, 80 S.Ct. 159, 4 L.Ed.2d 122; United States v. Blumberg, D.C.E.D.Pa.1955, 136 F.Supp. 269, 274. Further, the defendants have not indicated in what manner the allegation complained of would be prejudicial to them.

### 3. The Defendants' Contention That The Prosecution Is Barred By The Statute Of Limitations.

The defendants argue that the statute of limitations in a conspiracy case runs from the date of the last overt act, and thus, since no overt act within five years of the filing of the indictment has been alleged, the prosecution must fail. But this contention is patently inapplicable here.

Under the instant statute, unlike most conspiracy statutes, no overt act need be alleged or proven. Ladner v. United States, 5 Cir., 168 F.2d 771, 773, certiorari denied 1948, 335 U.S. 827, 69 S.Ct. 53, 93 L.Ed. 381; United States v. Callanan, D.C.E.D.Mo.1959, 173 F. Supp. 98, 101, affirmed 8 Cir., 274 F.2d 601, certiorari granted 1960, 362 U.S. 939, 80 S.Ct. 807, 4 L.Ed.2d 769. Thus, the statute of limitations does not begin to run until the termination of the conspiracy. See, e. g. United States v. Kissel, 1910, 218 U.S. 601, 610, 31 S.Ct. 124, 54 L.Ed. 1168. Since, for the purposes of a pre-trial motion, the factual allegations in the indictment are treated as correct, see e. g. United States v. Valle, D.C.S.D.N.Y.1955, 16 F.R.D. 519, the government's allegation of a conspiracy continuing until the date of the filing of the indictment must be accepted. While the defendants are, of course, entitled to show at trial that any conspiracy did in fact cease in 1954, as they contend, this involves the determination of factual questions which are properly presented at that time and not in a pre-trial motion to dismiss the indictment. See, e. g. Costello v. United States, supra; United States v. Dierker, D.C.W.D.Pa.1958, 164 F.Supp. 304.

### 4. Motion Made By Defendant Levine To Dismiss The Conspiracy Indictment.

Little need be said to dispose of the two additional contentions made by defendant Levine. His motion based on the failure to allege the commission of an overt act ignores clear holdings that no overt act need be proven in a conspiracy under 18 U.S.C. § 1951. See Ladner v. United States, supra; United States v. Callanan, supra. He also attacks the indictment as a "camouflaged instrument" designed to deprive him of his right to test the defense based on the statute of limitations before trial. But nothing is alleged which would overcome the presumption of validity which attaches to an indictment valid on its face. See United States v. Costello, supra.

### 5. Defendant Tolub's Motion To Compel The Government To Elect The Indictment Upon Which It Will Proceed Against Him.

There is no basis for defendant's contention that the government cannot prosecute him for both conspiracy and the substantive offenses contemplated by that conspiracy. That it can so prosecute is clear beyond peradventure. See, e. g. Pinkerton v. United States, 1946, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489. Moreover, there is no inherent

factual inconsistency between a conspiracy commencing in 1952 and twelve separate substantive offenses, committed in 1955. It is the natural object of almost every conspiracy to accomplish the substantive crimes which it contemplates; the fact that these objectives are realized certainly does not immunize the original conspiracy. Further, it may be shown at trial that the conspiracy continued beyond the date of the last substantive offense charged. Thus, this motion also must be denied.

### 6. Defendants' Motions For Bills Of Particulars.

 "The defendant is generally held to be entitled to those particulars necessary to enable him to prepare his defense, avoid surprise, and plead double jeopardy." United States v. Bonanno, D.C.S.D.N.Y.1959, 177 F.Supp. 106, 119. See also United States v. Klein, D.C.S.D.N.Y.1954, 124 F.Supp. 476, 479, affirmed 2 Cir., 1957, 247 F.2d 908, certiorari denied 1958, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354. But, except to the extent necessary to fulfill these functions, the government is not required to make full disclosure of the evidence which it hopes to adduce at trial, or of the legal theories upon which it intends to rely. See, e. g. United States v. Malinsky, D.C.S.D.N.Y.1956, 19 F.R.D. 426, 428; United States v. Lieberman, D.C.S.D.N.Y.1953, 15 F.R.D. 278, 281. The government has agreed to supply the defendants with the names of the persons to whom threats were allegedly made, and who allegedly made payments to the defendants. It has also agreed to indicate whether it claims that the two corporations, mentioned in the indictment, are separate and distinct. The government need go no further in order to comport with the principles enunciated above and to require it to do so, would be to sanction unnecessary and improper pre-trial disclosure of essentially evidentiary matter. Thus, with the exception of the information the government has consented to produce, the defendants' motions are denied.

Settle order.