**UNITED STATES of America,**

v.

**Leavy BREVARD and Modesto Jordan, Defendants.**

United States District Court
S. D. New York.
March 28, 1961.

Morton S. Robson, U. S. Atty., for Southern District of N. Y., New York City, for the United States. James G. Starkey, Asst. U. S. Atty., New York City, of counsel.

Edward H. Auchincloss, New York City, for defendant Leavy Brevard.

MacMAHON, District Judge.

Defendants have been charged in a two-count indictment with receiving, possessing, concealing and facilitating the transportation and concealment of 17 grams, 400 milligrams of heroin, and a conspiracy in violation of Sections 173 and 174 of Title 21, U.S.C.A.

Defendant Brevard has moved, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, 18 U.S.C.A., for a bill of particulars. The government has consented to several of the items requested by the defendant but opposes any further disclosure.

 Defendant requests, in items 3(c), (d) and (e), the names of persons to whom it will be claimed the defendant sold the narcotics, and whether at the time of such sale or transfer those persons were employed by the government or were acting at the instance of the government. Item 3(f) requests the name of the person or persons from whom it will be claimed that the defendant received the narcotics. The government is not required to disclose the names of its potential witnesses or the manner in which it will attempt to prove the charges against the defendant, and, accordingly, need not furnish defendant with the particulars sought in items 3(c), (d), (e) and (f). United States v. Lebron, 2 Cir., 222 F.2d 531, 535, certiorari denied 1955, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774; United States v. Tolub, D.C.S.D.N.Y.1960, 187 F. Supp. 705; United States v. Malinsky, D.C.S.D.N.Y.1956, 19 F.R.D. 426.

Defendant also demands, pursuant to Rule 16, Federal Rules of Criminal Procedure, 18 U.S.C.A., production of any oral or written statements made by him from the date of his arrest. Such statements are not documents or tangible things "obtained from or belonging to the defendant," as required by Rule 16. United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394. Contra, United States v. Klein, D.C.S.D.N.Y.1955, 18 F.R.D. 439; United States v. Peace, D.C.S.D.N.Y. 1954, 16 F.R.D. 423. Nor is good cause established for their production under Rule 17(c). United States v. Iozia, D.C. S.D.N.Y.1952, 13 F.R.D. 335.

Accordingly, defendant's motion, except as to those matters to which the government consents, is denied in all respects. So ordered.