Angel Daniel **PAZ MORALES**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 5646.

United States Court of Appeals
First Circuit.

Submitted May 5, 1960.

Decided May 20, 1960.

---

Angel Daniel Paz Morales, pro se.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

This appeal from an order of the United States District Court for the District of Puerto Rico denying a motion under Title 28 U.S.C. § 2255 to vacate sentence can be disposed of summarily.

The appellant was indicted by a grand jury in the court below for illegally transferring marihuana cigarettes in Puerto Rico on January 15, 1955, in violation, according to the citation in the margin, of Title 26 U.S.C. §§ 2591(a) and 2596. He came to trial by jury in the court below represented by competent counsel of his own choice on his plea of not guilty, was found guilty and sentenced by the court as a third offender in conformity with the procedures specified in § 7237(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7237(a) (prior to its amendment by 70 Stat. 568 (1956)).

The exclusive ground for the present motion to vacate this sentence is that the statutory references in the margin of the indictment are to sections of the Internal Revenue Code of 1939 which on January 1, 1955, were superseded by corresponding sections of the Internal Revenue Code of 1954 and so were not in effect at the time of the offense alleged in the indictment.

■■■ No doubt the statutory references in the indictment were to sections of the Internal Revenue Code of 1939, and no doubt also on January 1, 1955, those sections were superseded by §§ 4742(a) and 7237(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 4742(a), 7237(a). See § 7851(a) (4), 26 U.S.C. § 7851(a) (4). Thus §§ 4742(a) and 7237(a) of the 1954 Code should have been referred to in the indictment. But it has been the federal rule for a long time that:

"It is wholly immaterial what statute was in the mind of the District Attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offence under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offence charged was covered by a different statute." Williams v. United States, 1897, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509.

This rule was endorsed in United States v. Hutcheson, 1941, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788, and although Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., requires citation in the indictment of the statute alleged to have been violated, it also provides that error in or omission of the

citation shall not be ground for dismissal of the indictment or reversal of a conviction under it "if the error or omission did not mislead the defendant to his prejudice."

█ An offense under § 4742(a) of the 1954 Code was clearly alleged in the indictment and we cannot see how the erroneous citation therein of § 2591(a) of the 1939 Code could have misled the defendant to his prejudice, for the sections of the Codes describe the same offense in practically identical language.

Judgment will be entered affirming the order of the District Court.