UNITED STATES of America,
Plaintiff,

v.

John CIMINO and Joseph D'Ercole,
Defendants.

United States District Court
S. D. New York.

Nov. 9, 1962.

Vincent J. Broderick, U. S. Atty., S.D. N.Y., by Jonathan L. Rosner, New York City, of counsel, for plaintiff.

Abraham M. Dubno, Brooklyn, N. Y., for defendant Cimino.

James Hanrahan, New York City, for defendant D'Ercole.

EDELSTEIN, District Judge.

A three count indictment charges the defendants with violations of the Narcotic Control Act, 21 U.S.C. §§ 173, 174, 21 U.S.C.A. §§ 173, 174 (1961).[1] The defendant Cimino has moved for an order of discovery and inspection with respect to certain documents pursuant to Fed.R. Crim.P. Rule 16. Both defendants have moved for a bill of particulars pursuant to Rule 7(f), Fed.R.Crim.P.

Defendant Cimino's motion for discovery requests inspection of "all statements, documents, admissions and papers in possession of the United States Government, its employees or agents, which concern the defendant, John Cimino, or which were made by the defendant, John Cimino, or concerning the co-defendant, Joseph D'Ercole, or having been made by the defendant, Joseph D'Ercole." The defendant Cimino could hardly have devised a more ambitious or more sweeping request to ramble through the Government's file. The proverbial and oft-complained of "fishing expedition" could not have sought a greater haul. Cimino's counsel, apparently recognizing that his request was unduly demanding, limited his request on oral argument to a single document. The document sought was not specifically identified. In his attempt precisely to identify it, all that Cimino's counsel was able to communicate to the court was Cimino's "belief" that the paper was not a confession; that it was executed by Cimino "after arrest"; and that it had "blanks" on it, and that it was a "routine" paper. This vague and indefinite description, without more, fails to establish that Cimino had a proprietary or possessory interest in the subject paper within the meaning of United States v. Murray, 297 F.2d 812 (2d Cir., 1962), cert. den., 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). The court in United States v. Murray, supra, stated:

"The language of Rule 16, its evolution in the Advisory Committee, see United States v. Peltz, 18 F.R.D. 394 (S.D.N.Y.1955), and the Committee's final explanatory Note all indicate that Rule 16 applies only to books, papers, documents or tangible objects in which a defendant has had some *proprietary or possessory interest*. The great weight of authority supports our unwillingness to stretch the word 'belonging' to the point of saying that a stenographic transcript of a defendant's words 'belongs' to him." 297 F.2d at 820, supra (emphasis supplied)

Furthermore, Cimino's request for discovery fails to satisfy two additional requirements of Rule 16, Fed.R.Crim.P.

1. § 174. Same; penalty; evidence. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *"

The rule requires not only that the item requested belong to the defendant, but also requires the defendant to show that the item sought may be material to the preparation of the defense and that the request is reasonable.[2] Cimino has not made even a bare allegation as to materiality, and has failed to demonstrate how this vague, scattergun request could be reasonable. His motion for discovery is denied for his failure to demonstrate a proprietary interest in the paper and for an insufficient showing as to the materiality of the paper or the reasonableness of the request.

■■■ Both parties have moved for bills of particulars pursuant to Rule 7(f), Fed.R.Crim.P. On a motion for a bill of particulars the defendant is entitled to those facts necessary to enable him to prepare his defense, to prevent surprise and to enable him to plead former jeopardy. United States v. Bentvena, 193 F. Supp. 485 (S.D.N.Y.1960); United States v. Bonanno, 177 F.Supp. 106, 119 (S.D.N.Y.1959). The fact that affording the defendant such protection may, in some cases, require some disclosure of the Government's evidence is not a bar to the relief where the particulars demanded are, under the circumstances, necessary to the preparation of the defense. United States v. Tirado, 25 F.R.D. 270 (S.D.N.Y.1958); United States v. Fanfan, C 156–192 (S.D.N.Y.August 23, 1958); United States v. Cotto, 60 Cr. 414 (S.D.N.Y. July 22, 1960). On the other hand, the Government should not be forced unnecessarily to disclose its evidence and witnesses in advance of trial. United States v. Dilliard, 101 F.2d 829, 835 (2d Cir., 1938), cert. den. 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036 (1939);

United States v. Bentvena, supra, 193 F. Supp. 498. The danger of defendants tailoring their testimony to explain away the Government's case, which has been disclosed in advance, is not unreal. The fundamental rule is that the grant or denial of a bill of particulars rests within the sound discretion of the trial court, and absent any abuse of discretion the trial court's ruling will not be disturbed on appeal. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Johnson v. United States, 207 F.2d 314, 321 (5th Cir., 1953), cert. den. 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954); United States v. Bentvena, supra.

The Government has consented to furnish the following information with respect to Counts 1 and 2:

(1) whether any defendant involved in either transaction alleged in these counts was at that time an employee or agent of the Government;

(2) the approximate date, time and location where it is alleged that the narcotics involved in each of these counts was sold and transferred by the defendants;

(3) the name and address of the person to whom it is alleged the narcotics involved in these two transaction was sold and transferred, and whether such person was then in the employ of the Government.

With respect to Count 3, the conspiracy count, the Government has agreed to supply the following information:

(1) As to the First Overt Act, the approximate date, time and location of the meeting therein referred to;

(2) As to the Second Overt Act, the approximate date, time and location

---

2. "Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

where, and the person to whom the defendant Cimino is alleged to have delivered the narcotics referred to in the second overt act;

(3) As to the Third Overt Act, the approximate date, time and location of the meeting therein referred to.

The Government contends that the indictment, supplemented by the above information, is sufficient to prevent the defendants from being surprised, to allow the defendants to plead former jeopardy, and to inform them of the charges so that they may prepare their defense.

## DEFENDANT CIMINO'S REQUESTS

The defendants contend that more is required to adequately inform them of the charges. In addition to the information already supplied, defendant Cimino requests that the Government set forth the following information: The manner in which Cimino is alleged to have concealed, sold, facilitated, or transported the narcotic drug (Requests I-C, D, E and G, and II-C, D and E); whether or not he is alleged to have sold the narcotic drug to an agent or employee of the United States; and whether he was requested to sell the narcotic drug by such an agent, (Requests I-H, and I, and II-G and H). Cimino furthermore requests information concerning the manner in which it is alleged he carried on the conspiracy and the substance of all conversations between himself and defendant D'Ercole as alleged in the Overt Acts 1, 2 and 3 (III-H, I). Finally, Cimino requests information as to whether he is alleged to have received any money for the narcotics, the quantity thereof (III-J) and whether Cimino or D'Ercole ever transferred narcotics to each other (III-K). He further desires to obtain the names and addresses of all the persons involved in the conspiracy (III-L).

■ Cimino contends that the authorities support his claim that he is entitled to the substance of the conversations between himself and his co-defendant. Although the authorities upon which Cimino relies, United States v. Lopez, 26 F.R.D. 174 (S.D.N.Y. 1960); United States v. Cotto, supra; United States v. Fanfan, supra; and United States v. Bentvena, supra; did, indeed hold that defendants were entitled to the substance of conversations, those cases are distinguishable on their facts from the instant case and do not serve as authority for Cimino's contentions.

The indictments in Bentvena, Lopez, Cotto and Fanfan alleged conversations as separate overt acts of the conspiracies charged. It was, therefore, held that where the indictment alleges conversations as overt acts, the defendants are entitled to know their substance.

The instant indictment alleges only that the conspiracy was furthered by a delivery of narcotics and by two meetings between the defendants. Conversations are not alleged as overt acts herein, as they were in the Fanfan, Cotto, Lopez and Bentvena cases. The defendants' requests for the substance of conversations, which are not alleged in the indictment, are denied.

■ Cimino's request I, H and J and II, H and J are similar in nature and seek information as to "whether any person involved in the transaction * * * was acting as an agent or employee of the United States or its agencies" and whether or not "the defendant John Cimino was requested to sell the narcotic drug by an agent or employee of the United States or its agencies." The Government contends that answers to these questions would result in the revelation of the identity of a Government informer, assuming that such an informer was in fact involved in the transaction. The Government claims the identity of Government informers must be kept secret and that such secrecy is sanctioned by the so-called informer's privilege.

As authority for the proposition that he is entitled to such information, Cimino cites Roviaro v. United States, 353 U.S.

53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956), and two decisions by Judge Murphy, United States v. Cotto, supra, and United States v. Fanfan, supra, both rendered without opinion. The Government contends that these cases are distinguishable since those indictments contained allegations that a "John Doe" or an anonymous but equally ubiquitous "man" participated in the crime. An examination of those decisions indicates quite clearly that they are, indeed, distinguishable and, therefore, inapposite with respect to the allegations of the instant indictment.

■ In the Roviaro case the first count of the indictment charged that the defendant sold heroin to one "John Doe." "Doe" had helped to set up the crime and had played a prominent part in it. The informer "Doe" named in the Roviaro indictment as a central participant in the crime was the only witness in a position to amplify or contradict the testimony of the Government. In addition, his testimony, as was pointed up in the Supreme Court's opinion, might have disclosed an entrapment. Roviaro v. United States, supra, 353 U.S. at 62–64, 77 S.Ct. 623. The Court held that in the circumstances fairness required that the Government identify the informer since the informer was named in the indictment as an active participant in the crime charged. The rationale of Roviaro is that where the indictment charges that the crime was committed in concert with a nameless individual, the Government is required to reveal the individual's identity since such disclosure is not only relevant, but also might be helpful to the defense.

As for the Cotto and Fanfan cases, they also do not support defendant's contention since both those indictments alleged, as an overt act, that the defendant had a conversation with a "man" at a particular location. Accordingly, Cimino's requests I, H and J, and II, H and J are denied.[3]

■ Cimino's other requests relating to the manner in which it is alleged he committed the substantive crime or carried on the conspiracy are requests for evidentiary matter which the Government is not required to produce. See United States v. Bentvena, supra; United States v. Kushner, 135 F.2d 668 (2d Cir., 1943), cert. den., 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850 (1943); United States v. Rubinstein, 9 F.R.D. 255 (S.D.N.Y.1949). Those requests (III–H), together with the requests for information as to money received (III–J), whether narcotics were transferred to each other (III–K), and the name and number of persons involved in the conspiracy (III–L), all seek information as to evidentiary matters, and are denied.

### DEFENDANT D'ERCOLE'S REQUESTS

■ The defendant D'Ercole's requests are essentially identical with Cimino's requests. Since the court has already discussed the legal principles applicable to relief on requests for bills of particulars repetition would only involve supererogation on the Court's part. I will consider D'Ercole's requests *seriatim* and dispose of them accordingly. As to the requests pertaining to the first count, No. III and V are denied as they request evidentiary matter. As to the second count No. III is denied, on the same ground. United States v. Kushner, supra; United States v. Bentvena, supra. As to requests No. IV in Counts 1 and 2, these requests the substance of the conversations in overt acts and are denied for the reasons stated above with relation to Cimino's requests. The recorded or intercepted conversations, which are also requested by D'Ercole, constitute evidentiary material and hence are not obtainable. See United States v. Bentvena, supra, 193 F.Supp. at 499. The requests for the recorded or intercepted conversations are denied.

3. The bill of particulars in United States v. Vasquez, 25 F.R.D. 350 (S.D.N.Y. 1958), cited by defendant in support of his claim, provided the defendant with the answer "Yes" to the question whether a person to whom the narcotics was sold was in the employ of the Government. No identification was made.

On the conspiracy count, requests under Overt Act No. 2, which are specifically designated b, c, e, f, g, and h, pertain to evidentiary matter and are denied. As to Overt Act, No. 3, requests designated b, c, d, e, f, g, h and j are likewise denied. These requests are designed to seek out the Government's evidence as to matters which are not even alleged in the indictment.

The motions of both defendants for bills of particulars are denied in all respects, except as consented to.

So ordered.