**UNITED STATES of America,**

v.

**William Daniel ROBERTS, Defendant.**

No. 66 Cr. 922.

United States District Court
S. D. New York.

Dec. 29, 1966.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of N. Y., Paul K. Rooney, Asst. U. S. Atty., of counsel, for plaintiff.

Alex V. Myslicki, Jr., Staten Island, N. Y., for defendant.

## MEMORANDUM

TENNEY, District Judge.

The defendant in the within action seeks an order of this Court (1) dismissing each count of the indictment; (2) alternatively, requiring the Government to file a bill of particulars; and (3) requiring the Government to furnish the defendant with a copy of his testimony before the Grand Jury. On November 10, 1966, an eight-count indictment was filed charging defendant, in essence, with the receipt of gratuities for the performance of his official duties in violation of 18 U.S.C. § 201(c), (g) (1964). The nature of the alleged offense was that defendant accepted gifts for enlisting applicants into the United States Army Reserve Program.

*Motion to Dismiss.*

In support of this portion of the motion, defendant sets forth two arguments. First, he alleges that by failing to specify the names of the donors of the bribes, the indictment violates his sixth amendment rights and fails to comply with the applicable provision of the Federal Rules of Criminal Procedure. Secondly, the defendant contends that since the acts alleged in counts one and two occurred before the enactment of § 201(c), (g), the indictment is defective as to these counts.

The Government concedes that count two should be dismissed.

■ Rule 7(c) of the Federal Rules of Criminal Procedure provides in pertinent part that "the indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment in the instant case clearly fulfills the requirements of said Rule. The defendant is amply informed of the offense charged and is able to prepare his defense. Further, the Government has agreed to furnish the names sought by defendant in a bill of particulars. Accordingly, it is concluded that defendant is not deprived of any constitutional right since he has been "informed of the nature and cause of the accusation" as required by the sixth amendment, nor does the indictment fail to comply with the pleading requirements of the Federal Rules of Criminal Procedure.

■■ As to defendant's second contention, the result is equally clear. Although it is true that § 201(c) of Title 18 U.S.C. did not become effective until after the alleged act was committed, § 202 of said Title, which was in effect at the time in question (January 1962), provided:

Whoever, being an officer or employee of, or person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or agency thereof * * * asks, accepts, or receives any money * * * with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, influenced thereby, shall be [guilty of a crime].

Count one of the indictment charges that defendant, a public official, "unlawfully, wilfully and knowingly and corruptly did * * * ask, demand, exact, solicit, seek, accept, receive and agree to receive something of value for himself * * * in

return for being influenced in his performance of an official act * * *." It is apparent that the language of this count has sufficiently apprised defendant that he has been charged with the commission of an offense in violation of the former § 202. Accordingly, no dismissal is warranted on these grounds. United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 (1941); Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509 (1897); Paz Morales v. United States, 278 F.2d 598 (1st Cir. 1960) (per curiam); cf. United States v. Galgano, 281 F.2d 908 (2d Cir. 1960), cert. denied, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961). Additionally, the fact that the wrong statute was cited does not require dismissal since there has been no showing of prejudice by the defendant. See Fed.R.Crim.P. 7 (c); United States v. Galgano, supra; Paz Morales v. United States, supra; United States v. McKnight, 253 F.2d 817, 820 (2d Cir. 1958).

Therefore, the motion to dismiss is denied except that count two will be dismissed with the consent of the Government.

*Bill of Particulars.*

Defendant requests that the Government furnish the following particulars as to each count of the indictment:

(a) The time of day of the alleged offense.

(b) The exact date of the alleged offense.

(c) The exact place that the alleged offense took place.

(d) The exact sum of money or thing of value claimed to be involved.

(e) The names of the individuals who allegedly bribed the defendant.

(f) Whether value was actually paid or given.

(g) The name of the applicant whose enlistment in the Army Reserve was facilitated by the defendant.

(h) Whether the alleged act was done directly or indirectly.

The Government has consented to furnish the particulars requested in items (c), (d) and (e). It contests the granting of further particulars on the ground that these seek evidentiary material.

■■ I have recently noted that the July 1, 1966 amendment to Rule 7(f) of the Federal Rules of Criminal Procedure was intended to liberalize the Courts' attitude toward bills of particulars. United States v. Tucker, S.D.N.Y., 262 F.Supp. 305, Dec. 7, 1966; see Notes of Advisory Committee to Fed.R.Crim.P. 7(f), citing with approval United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954). In line with this statement, it is my opinion that the particulars sought in items (a) and (b) should be furnished the defendant if, in fact, the Government has this information. Concerning item (a), it will be sufficient if the Government will state the approximate time of the alleged offense.

■ With respect to requests (f), (g) and (h), I agree with the position taken by the Government that these requests seek only evidence, and, as such, are denied as not properly within the scope of a demand for a bill of particulars. United States v. Tucker, supra; United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y. 1962); United States v. Brevard, 27 F.R. D. 250 (S.D.N.Y.1961); United States v. Smith, supra.

*Grand Jury Testimony.*

■ Defendant's claim for inspection of his Grand Jury testimony is based on Rule 16(a) of the Federal Rules of Criminal Procedure (as amended, July 1, 1966) which provides in pertinent part that "the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant * * * recorded testimony of the defendant before a grand jury." Although the use of the word "may" indicates that the Court will have discretion in ordering the production of the testimony sought, the exercise of that discretion requires sufficient facts upon which the Court can base a decision. In the instant case, no reasons have been

stated for the production of the testimony sought. Accordingly, this portion of the motion will be denied unless defendant, within ten (10) days of the date of this order, will submit an affidavit to me setting forth the reasons upon which said request is made. If such affidavit is submitted, the Government will be afforded an opportunity to answer within five (5) days of its receipt of said papers.

Accordingly, defendant's motion to dismiss is denied except to the extent consented to by the Government. The motion for a bill of particulars is granted to the extent indicated herein. The motion for production of the Grand Jury testimony is held in abeyance pending compliance with the procedures set forth, supra. If no affidavit is received from the defendant within ten (10) days of the date of this order, the motion to produce is denied.

It is so ordered.