**UNITED STATES of America,**

v.

**Louis DILIBERTO and Paul Rosa, Defendants.**

**No. 66 CR. 690.**

United States District Court
S. D. New York.

Jan. 5, 1967.

**182**

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for plaintiff, Robert G. Morvillo, Oceanside, N. Y., of counsel.

Sabbatino & Todarelli, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

Defendants herein seek an order of this Court granting them (1) discovery and inspection pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure of all written or recorded confessions or admissions which they may have made; (2) inspection and copying pursuant to Rule 16(b) of said Rules of all books, papers, documents, and tangible objects "which will be material to the issues involved in this case"; and (3) a bill of particulars. A four-count information charging the defendants with violation of the federal tax wagering law was filed in September, 1966.

*Discovery and Inspection of Confessions or Admissions.*

The sole basis for this request is that since defendants were questioned while in custody, it is reasonable for defendant to be granted an opportunity to inspect any statements made. The Government opposes this motion on the grounds that the relief sought is discretionary and the Court should not exercise that discretion absent a compelling reason advanced by defendants as to the need to examine any such statements.

I cannot agree with the Government's contention insofar as it would require a "compelling" reason to be advanced by the defendants before the request is granted. This contention flies in the face of the rationale for the July 1, 1966 amendments to the Federal Rules of Criminal Procedure, which amendments were enacted to liberalize discovery in criminal prosecutions. Notes of Advisory Committee to Fed.R.Crim.P. 16. However, I have recently held in United States v. Roberts, 264 F.Supp. 622, Dec. 29, 1966, that a request for the

production of Grand Jury testimony pursuant to Rule 16(a) (3) will require some showing of need by a defendant before said request is granted. The same ruling should be applicable with respect to a Rule 16(a) (1) request. Defendants' explanation that it is "reasonable" for him to inspect these items is not such a showing.

Accordingly, as was ordered in *Roberts*, supra, this motion will be denied unless defendant, within ten (10) days of the date of this order, will submit an affidavit to me setting forth the grounds for said request. If such affidavit is submitted, the Government will be afforded an opportunity to answer within five (5) days of its receipt of said papers.

*Inspection of Books, Papers, etc.*

■ The request as worded is far too broad and, although denied by counsel for defendants, appears to be no more than a fishing expedition. However, on oral argument and in his affidavit, counsel for defendants indicates that he is especially interested in inspecting slips referred to in paragraphs 5 and 9 of the Internal Revenue Agent's complaint. Counsel states that notations were made on certain of these slips. Since the Government raises no objection to their production, it is ordered that any slips in the Government's possession on which notations appear should be produced for the defendants to inspect and copy. Any further discovery and inspection is denied at this time without prejudice to renewal provided that such further motion shall more specifically name the items requested.

*Demand for Bill of Particulars.*

The defendants have demanded a bill of particulars composed of five paragraphs. The demands in paragraphs 2 and 5 have been consented to by the Government.

■ Paragraph 1 seeks the specific date and place of each wager. The Government contends that since the information shows an involvement over a two-

year period, any listing of exact dates would be practically impossible; it further claims that this would unduly limit the proof at trial. The information indicates that the acts alleged took place over a continuing period. This can be considered an equivalent of asking the Government to set forth with particularity all of the overt acts in a conspiracy count. Such a request was denied in Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927). Accordingly, this request is denied.

■■ Paragraphs 3 and 4 seek to discover either prospective witnesses for the Government or its evidence. The purpose of the bill of particulars is to inform the accused of the nature of the charges against him sufficiently to enable him to adequately prepare a defense, to prevent surprise and to protect him against a second prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Cook v. United States, 354 F.2d 529 (9th Cir. 1965); Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961); United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Tucker, D.C., 262 F.Supp. 305, Dec. 7, 1966. It is not the function of the bill of particulars to unduly disclose the Government's witnesses or evidence. United States v. Tucker, supra; United States v. Cimino, 31 F.R.D. 277 (S.D. N.Y.1962); United States v. Brevard, 27 F.R.D. 250 (S.D.N.Y.1961). These requests are therefore denied.

Accordingly, the motion for discovery and inspection of all confessions or admissions is held in abeyance pending compliance with the procedures hereinbefore set forth. If no affidavit is received from the defendants within ten (10) days of the date of this order, the motion for discovery and inspection is denied. The motion to inspect and copy is granted to the extent indicated herein. The motion for a bill of particulars

is granted to the extent that it has been consented to by the Government. In all other respects it is denied.

It is so ordered.