**UNITED STATES of America,**

v.

**Louis LEIGHTON and Harold M. Miller, Defendants.**

**No. 66 CR. 894.**

United States District Court S. D. New York.

Jan. 23, 1967.

On Motion for Discovery and Inspection Feb. 10, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Otto G. Obermaier, Asst. U. S. Atty., of counsel, for plaintiff.

Robert Kasanof, New York City, for defendant Miller.

Gilbert S. Rosenthal, New York City, for defendant Leighton.

## OPINION

TENNEY, District Judge.

Both defendants have made numerous pretrial motions in the above-entitled action. The defendant Leighton seeks (1) a severance of his trial from that of his co-defendant; (2) an order requiring the Government to produce for inspection and copying any statements made

by said defendant to officers or agents of the Government, including any recorded statements; (3) production of any mechanical or electrical devices used to record any alleged statements, for inspection by said defendant, together with a statement setting forth the times and places of their use; (4) an order requiring the Government to file a bill of particulars; (5) an order directing the Government to reveal to said defendant any exculpatory information; and (6) a hearing on the issue of whether the defendant Leighton was entrapped by agents of the Government. The defendant Miller also moves this Court (1) to sever his trial from that of the defendant Leighton; (2) to inspect any statements made by him; (3) for an order requiring the Government to file a bill of particulars; (4) for the production of any exculpatory information; and, additionally, (5) to dismiss the indictment on the grounds that it was obtained in violation of his rights under the fifth and sixth amendments.

The facts of the instant case can be simply stated. An indictment was filed on November 4, 1966, charging the defendants in two counts with violations of the bribery laws of the United States. Count one charges that on or about December 27, 1965, the defendants unlawfully gave $200 to a revenue agent of the Internal Revenue Service, intending to influence said agent's official actions with regard to a field audit examination of the 1962, 1963 and 1964 joint income tax returns of the defendant Leighton and his wife in violation of Title 18, U.S.C. § 201(b) and § 2 of said Title. Count two charges that on or about the above date, the defendants gave the agent $200 otherwise than as provided by law for the proper discharge of his official actions in connection with the Leighton's joint income tax returns for the same years in violation of Title 18 U.S.C. § 201(f) and § 2 of said Title. The effect of the indictment is to charge defendants, in count one, with paying a bribe, and in count two, with paying a gratuity. See United States v. Irwin, 354 F.2d 192, 195–196 (2d Cir. 1965),

cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966). The defendant Miller was defendant Leighton's accountant and is alleged to have participated in the acts.

For reasons of convenience and simplification, the defendants' requests which seek common relief will be decided together and then a determination will be made as to such further requests which have been made by one defendant and not joined in by the other.

### The Motions for a Severance.

Although both defendants seek this relief the grounds set forth by each differ. The defendant Leighton contends that he expects to call the defendant Miller as a witness in his behalf and that it cannot be determined at this time if Miller will assert his constitutional privilege and refuse to testify. It is the defendant Leighton's contention that if this constitutional privilege were asserted, the prejudice to Leighton would be minimized if Miller were called as a witness rather than as a codefendant. A further ground asserted by defendant Leighton is that certain conversations between his co-defendant and the revenue agent may have been recorded, and if such recordings were in fact made and introduced at the trial, the effect would be highly prejudicial to Leighton.

The defendant Miller's argument is similar to the second one made by Leighton. It is his claim that if a purported conversation between Leighton and the revenue agent was recorded, its introduction at the trial would be highly prejudicial, and that any court instruction which would allow the jury to consider the statement only as against the declarant would be insufficient to cure the prejudice to the other defendant. United States v. Bozza, 365 F.2d 206 (2d Cir. 1966).

The Government, in opposition, argues that none of these grounds is sufficient to warrant a severance.

 Rule 8(b) of the Federal Rules of Criminal Procedure provides that

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

It is clear that in the instant case joinder was initially proper since the indictment alleges that the defendants participated in a transaction constituting an offense. A more difficult question arises in connection with granting a severance once it has been found that joinder of defendants was proper.

Rule 14 of the Federal Rules of Criminal Procedure (as amended July 1, 1966) provides that

> If it appears that a defendant * * * is prejudiced by a joinder of * * * defendants in an indictment or information or by such joinder for trial together, the court may * * * grant a severance of defendants * *.

 The general rule is that the granting of a severance is within the sound discretion of the trial court. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Application of Gottesman, 332 F.2d 975 (2d Cir. 1964) (per curiam); Gorin v. United States, 313 F.2d 641 (1st Cir.), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963); Dennis v. United States, 302 F.2d 5 (10th Cir. 1962). The moving party has the burden of showing prejudice. Fisher v. United States, 324 F.2d 775 (8th Cir. 1963), cert. denied, 377 U.S. 999, 84 S.Ct. 1935, 12 L.Ed.2d 1049 (1964); see United States v. Brown, 335 F.2d 170 (2d Cir. 1964). The decision of this circuit in United States v. Bozza, supra, would appear to either promulgate an exception to the general rule or give an example of a situation in which a trial judge will be deemed to have abused his discretion in refusing to grant a severance—in effect, an application of the general rule.

 The effect of *Bozza* relates to the second contention raised by the defendant Leighton and to the corresponding contention of the defendant Miller as to the prejudicial effect on the jury of any statements made by either defendant out of the presence of the other. Before this issue is reached, the defendant Leighton's first contention can be disposed of. Leighton argues that he is considering calling his co-defendant as a witness in his behalf and that if Miller asserts his constitutional privilege less prejudice will result if Miller appears as a witness rather than as a co-defendant. In a similar case to the one at bar, where the same contention was raised, the Court of Appeals for the First Circuit held in Gorin v. United States, supra, 313 F.2d at 645–646 that

> There is no reason to think that a co-defendant would be any more willing to waive his constitutional privilege against self-incrimination when called as a witness at a separate trial than he would be willing not to insist upon his privilege as a defendant not to take the stand. Moreover, in Olmstead v. United States, 19 F.2d 842, 847–848, 53 A.L.R. 1472 (C.A.9, 1927), affirmed as to other matters 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), it was held that the inability of a defendant in a conspiracy case to use the testimony of co-defendants in his defense is not enough to show abuse of discretion in refusing a motion for severance.

The argument advanced by the defendant in *Gorin* was deemed "unrealistic" by the Court. Id. at 645. It does not appear that any more "realistic" argument is made in the instant case or that sufficient has been set forth in defendant Leighton's argument to justify a severance.

In regard to the second argument for a severance, a more difficult problem is presented because of the *Bozza* case. Initially, I might note that a long line of decisions has held that the mere contention that one defendant may have made admissions which allegedly implicated a co-defendant is not a conclusive ground for ordering a severance. Opper v. United States, supra, 348 U.S.

at 95, 75 S.Ct. 158; Katz v. United States, 321 F.2d 7 (1st Cir.), cert. denied, 375 U.S. 903, 84 S.Ct. 193, 11 L.Ed. 2d 144 (1963); Costello v. United States, 255 F.2d 389 (8th Cir.), cert. denied, 358 U.S. 830, 79 S.Ct. 52, 3 L.Ed.2d 69 (1958); Hall v. United States, 83 U.S. App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948); United States v. Kahaner, 203 F.Supp. 78 (S.D. N.Y.1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963). Defendants argue that *Bozza* limits the general rule while the Government contends that that decision must be limited to confessions. It is my opinion that *Bozza* does neither. Rather, it would appear that the decision merely represents an example of an application of the severance rule.

The pertinent problem presented to the *Bozza* court was the effectiveness of instructions to the jury regarding the admissibility of a confession of a co-defendant. The Court stated that "we hold only that there is a point where credulity as to the efficacy of such instructions with respect to a confession implicating co-defendants is overstrained, and that this point was reached here." United States v. Bozza, supra, 365 F.2d at 217. In such a case, the trial court was in error in failing to grant a motion for a severance. Ibid. I think it is clear that the above-mentioned holding does not require a severance in every case in which the Government may plan to use a confession, admission or other statement. Indeed, the Court of Appeals would not hold that instructions to the jury were insufficient in each and every

case in which there are multiple defendants and one has made a statement implicating other defendants.[1] In Bozza, the Court stated that Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957) did not create "a conclusive presumption that the jury will follow a proper instruction to consider a confession only against the confessor and to ignore its significance as to other defendants." 365 F.2d at 216. Additionally, the Court found that the Supreme Court in *Delli Paoli* recognized "that there may be situations in which admission of a confession implicating co-defendants would be prejudicial in spite of proper instruction." Ibid.

In *Delli Paloi*, the Supreme Court found that the jury most likely followed the instructions because (1) the conspiracy was simple so that each defendant's role in it was readily understood; (2) the trial court emphasized the separate interests of each defendant throughout the trial; (3) the introduction into evidence of the confession was deferred until the end of the Government's case; (4) the confession was merely corroborative and was largely cumulative and (5) the record did not indicate confusion on the part of the jury. Delli Paoli v. United States, supra, 352 U.S. at 241–242, 77 S.Ct. 294.

In distinguishing *Delli Paoli*, the Court in *Bozza* found that the conspiracy was much more involved, the confession more than merely cumulative,[2] and that there was real doubt whether the jury followed the trial court's instruction concerning the application of the confession.[3]

---

1. The *Bozza* Court stated that "we do not mean to cast general doubt on the value of instructions to disregard or limit evidence." 365 F.2d at 217. As the Court indicates in its holding, the quotation of which appears in the accompanying text supra, its intent was to limit the decision to cases presenting similar facts.

2. The Court of Appeals stated that the *Delli Paoli* case was made out by the testimony of outside observers while in *Bozza* the confession "furnished devas-

tating corroboration of the heavily attacked testimony of an accomplice on which the prosecution almost entirely depended for proof of guilt." United States v. Bozza, 365 F.2d at 216.

3. The Court found that since the jury in its deliberations had specifically requested examination of the confession, a serious doubt was created with respect to the confusion of the jury, which doubt was not present in *Delli Paoli*. United States v. Bozza, 365 F.2d at 216.

██ The problem I face is succinctly set forth in the dissenting opinion of Judge Moore in *Bozza*. He stated that

"[t]he result and the opinion itself clearly advises all prosecutors and trial judges, who rely upon previous law in permitting multi-defendant trials in which a confession or a statement of one particular defendant may be offered and which the jury by employing common intelligence might speculate or conclude involved other defendants, that they so rely at their peril." United States v. Bozza, supra at 227.

This problem is aggravated by the July 1, 1966 amendment to Rule 14 of the Federal Rules of Criminal Procedure which provides a procedure for determining the possible prejudice to a party on a motion for severance by allowing *in camera* inspection by the court of any statements or confessions of a defendant which the Government plans to introduce in evidence at the trial. See Notes of Advisory Committee to Rule 14 (as amended). If the motion for a severance is made pre-trial, as it should be, the Court is at a loss as to how a proper determination can be made at that time. For it is clear from *Bozza* that the question of a severance is intricately interwoven with the question of the efficacy of jury instructions where there is the possibility of a defendant's statement being introduced at the trial. And it is submitted that in such a case, regardless of the amendment to the Federal Rules of Criminal Procedure, the almost hindsight criteria enunciated in *Bozza* and in *Delli Paoli* make a proper exercise of discretion at a pre-trial proceeding impossible for all practical purposes. The pre-trial judge, at this stage of the proceedings, cannot determine what evidence will be introduced or whether the trial judge will give adequate instructions, whether the Government will introduce the confession or statement in evidence at the end of its case, and, if so, to what extent the statement will be merely cumulative, or whether there will be confusion on the part of the jury regardless of the provision for examination of any statement *in camera*. Further, there is nothing before me to indicate that the Government intends to introduce in evidence at the trial any statement made by the defendants other than the mere supposition by the defendants that this will be done.[4]

I conclude that under the circumstances presented herein no resolution of such motion can properly be made before the trial. Accordingly, the motion is denied without prejudice to its renewal before the trial judge when the criteria set forth supra can more readily be ascertained.

*Inspection of Statements, Admissions or Confessions.*

██ Both defendants move for an order requiring the Government to produce any alleged confessions, admissions or other statements made by them to any agents or officers of the Government. The sole reason presented for this relief is that it is squarely within Rule 16

---

4. Although the Government does not deny that there was a statement, the only information before the Court is contained in an affidavit by counsel for defendant Leighton which states: "It is unknown at this time * * * whether * * * the Government recorded certain conversations of Miller with Agent Tiffany. * * * *" A similar contention is made by counsel for defendant Miller.

In view of the position taken by the Government regarding production of pre-arrest statements, it is probable that such a statement exists. However, this does not mean that the Government intends to introduce it at the trial.

The absence from the indictment of a conspiracy count does not always mean that a statement by one defendant cannot be used against the other. United States v. Granello, 365 F.2d 990, 995 (2d Cir. 1966). Under certain circumstances, such a statement could be used even at separate trials. Ibid.; United States v. Annunziato, 293 F.2d 373, 378 (2d Cir.), cert. denied, 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134 (1961); United States v. Pugliese, 153 F.2d 497, 500 (2d Cir. 1945). In view of the determination reached herein, this issue need not be resolved at the present time.

of the Federal Rules of Criminal Procedure. The Government opposes this request on the grounds that the relief sought is discretionary and some reason must be given to justify the production of statements for inspection and copying. I have recently held in United States v. Diliberto, 264 F.Supp. 181, S.D.N.Y., Jan. 5, 1967, that under the amended Rule 16(a), a defendant is not required to advance a "compelling" reason before the request is granted. Cf. United States v. Roberts, 264 F.Supp. 622, S.D. N.Y., Dec. 29, 1966. However, some demonstration of need will be required before said request is granted. United States v. Diliberto, supra; United States v. Roberts, supra.

Accordingly, this motion will be denied unless defendants, within ten (10) days of the date of this order, will submit affidavits to me setting forth the grounds for their requests. If such affidavits are submitted, the Government will be afforded an opportunity to answer within five (5) days of its receipt of said papers.

 The Government argues that any statements made by the defendants prior to arrest are outside the scope of discovery under Rule 16(a). Said Rule gives the Court discretion in ordering the production of *"any* relevant * * * statements or confessions made by the defendant * * *."* (Emphasis added.) Although, as contended by the Government, the decisions cited by the Advisory Committee all pertain to post-arrest statements, I see no reason to so limit production in light of the purpose of the Rule which is "to expand the scope of pretrial discovery." Notes of Advisory Committee to Rule 16 (as amended July 1, 1966). This view is also supported by the clear language of the Rule itself. It is my considered opinion that the time of the statement is not the important element; rather, the relevancy of any statement and a showing of some need by a defendant should be the determining factors. Cf. United States v. Diliberto, supra; United States v. Roberts, supra.

## The Bill of Particulars.

The defendant Leighton moves pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for an order requiring the Government to serve a bill of particulars stating the alleged place and time on December 27, 1965, that said defendant committed the crime charged. Additionally, if the Government is alleging that any other act was committed by said defendant in furtherance of the crime charged on any other date, then said defendant requests that the date, time and nature of the act should be furnished. The defendant Miller joins in both of the abovementioned requests, and further requests that the Government state whether Miller was a principal or an aider and abettor, and, if the latter is alleged, what acts were committed. The Government has agreed to furnish both defendants with the place where and the approximate time within several hours when it will be alleged that the crime charged in the indictment was committed. The Government has also agreed to state whether it alleges that the defendant Miller was a principal or an aider and abettor. The remainder of the demands are controverted by the Government as being beyond the proper scope of a bill of particulars.

 The purpose of the bill of particulars is to inform a defendant of the nature of the charges against him so that he may adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. United States v. Diliberto, supra; United States v. Tucker, 262 F.Supp. 305, S.D.N.Y., Dec. 7, 1966; see Cook v. United States, 354 F.2d 529 (9th Cir. 1965); Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961); United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955). It is not the function of a bill of particulars to allow a defendant to obtain the Government's evidence or to grant him a preview of the Govern-

ment's proof. United States v. Diliberto, supra; United States v. Tucker, supra; United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y.1962); United States v. Brevard, 27 F.R.D. 250 (S.D. N.Y.1961). The 1966 amendment to Rule 7(f) while concededly liberalizing the use of bills of particulars, still does not change the above general rules. United States v. Tucker, supra.

 Where the indictment as written contains all the particulars necessary to enable the defendant to understand the charges against him and to protect himself from double jeopardy, the Court will not order the Government to set forth any further particulars. The indictment in the instant case most particularly sets forth the nature of the charges by specifying the approximate date of the offense, the amount of the bribe, the duty performed by the revenue agent and the name and year of the income tax return involved. Any particulars sought herein by the defendants which have not been consented to by the Government either seek a preview of the evidence or go to matters not within the indictment. As indicated supra, these matters are not properly within the scope of a demand for a bill of particulars and, accordingly, both defendants' motions are granted only insofar as has been consented to by the Government.

### Demand for the Production of Exculpatory Information.

 Both defendants move herein for an order directing the Government to reveal to them "all and any information in its possession which might exculpate" them or might furnish "a basis for cross-examining the Government's witnesses, impeaching their credibility or casting doubt upon the validity of the charges laid in the indictment." The Court has been informed by the Assistant United States Attorney in charge of this matter that the Government is aware of its obligations under Brady v. State of Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and will fulfill its responsibility.

Although defendants do not specifically rely on any statute or decision, it would appear that the grounds on which these motions are made are the decisions of the Supreme Court in Brady and 18 U.S.C. § 3500 (1964). Under neither of these premises are defendants entitled to this information at the present time.

 Brady v. State of Maryland does not supplant Section 3500 of Title 18. "Our first conclusion is that any application or motion by the defense, based on Brady properly comes after the government has closed its case in chief." Carter, Suppression of Evidence Favorable to An Accused, 34 F.R.D. 87, 88. Brady does not require production before the start of the trial. Ibid. Any § 3500 material would not be required to be produced until the Government witness has testified on direct examination.

Accordingly, both motions are denied without prejudice to renewal at the appropriate time.

### Defendant Leighton's Motion for Production and Inspection of Devices Used for Recording Any Alleged Statements.

Defendant Leighton seeks this production so that an electronics expert can determine whether such devices are capable of "producing and creating" any alleged recordings in the possession of the Government. In addition, said defendant requests that the Government state the time when and the place where it is alleged that any recordings were made or transmitted. The reason submitted by the defendant Leighton for these requests is that it will help provide for an orderly trial by preventing interruption for such production and inspection at a later date.

Although not stated by counsel for Leighton, it would appear that this motion is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure (as amended July 1, 1966) which provides for inspection and copying or photographing "books, papers, documents, [and] tangible objects * * * within the possession, custody or control

of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable."

 It is my opinion that the amended Rule 16 would permit the inspection sought. However, any inspection at this time is premature since discovery and inspection of the tapes has not been ordered. If the defendant Leighton complies with the procedure hereinbefore set forth and the production of said statements is ordered, the Government will be directed to furnish the defendant Leighton with the name and model of the machine allegedly used. No further inspection will be necessary at this time but if defendant desires to examine the specific machine used, I see no reason why this cannot be deferred until the trial, at which time the trial judge can resolve the issue. Additionally, if the Government is eventually ordered to produce the aforesaid statements and the name and the model of the machine, it will be further directed to set forth the time and place that said machine was used.[5]

Accordingly, a determination of this motion is deferred until such time as the procedures outlined supra have been completed.

### Request for a Hearing on the Issue of Entrapment.

Defendant Leighton moves pursuant to Rule 12 for a hearing on the issue of entrapment. No authority for such a request is cited.

 The defense of entrapment is an issue for the jury where an issue of fact is presented. Sorrells v. United States, 287 U.S. 435, 452, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Riley, 363 F.2d 955, 957–958 (2d Cir. 1966); United States v. Gaines, 353 F.

2d 276 (6th Cir. 1965); United States v. Pisano, 193 F.2d 355, 31 A.L.R.2d 409 (7th Cir. 1951); I cannot see how such a defense can be the proper subject of a pre-trial hearing especially since the defendant, even if he were to establish entrapment as a matter of law, would be adequately protected against an adverse jury verdict by the trial court's ability to enter a directed verdict of acquittal. Fed.R.Crim.P. 29. Additionally, defendant has made absolutely no showing in his moving papers that the issue of entrapment is in the case.

Accordingly, the within motion is denied.

### Defendant Miller's Motion to Dismiss the Indictment.

The defendant Miller moves to dismiss the indictment on the grounds that it was obtained in violation of his rights under the fifth and sixth amendments of the Constitution. The pertinent facts, which are not disputed, are as follows:

Defendant Miller was subpoenaed to appear before the Grand Jury on November 3, 1966. Prior to his appearance, the Assistant United States Attorney in charge of this litigation informed Miller that he was a potential defendant and would be so advised at the time he appeared. Shortly before the defendant Miller entered the grand jury room, his attorney informed the Assistant United States Attorney that although Miller claimed to be innocent, he would refuse to answer any questions on the ground of self-incrimination and that in light of this it would be improper for the Government to call Miller before the Grand Jury. The Government, however, claimed that there was no impropriety, and proceeded to call him.

When he appeared, Miller was informed that he was a potential defendant, that

---

5. Although not denominated as such by the defendant Leighton, the Court will consider the request for the information concerning the time and place of the use of the equipment as a demand for a bill of particulars. As such, in the exercise of discretion, the Court will grant the motion as necessary for the proper preparation of defendant's defense.

he might refuse to answer any question where his response might tend to incriminate him, and that he had a right to consult with his lawyer outside the grand jury room at any time he chose. Miller made use of these instructions, and at least one time during his appearance he left the grand jury room to confer with counsel.

Miller claims that his fifth and sixth amendment rights have been violated by calling him before the Grand Jury after he had become the target of the investigation and after the United States Attorney had been informed that Miller would assert his privilege under the fifth amendment and refuse to testify. He argues that the only possible purpose or effect of calling him would be to prejudice the deliberations of the Grand Jury.

In United States v. Winter, 348 F.2d 204 (2d Cir.), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965), Judge Weinfeld, sitting by designation in the Court of Appeals, stated that

> Short shrift may be made of appellant's claim that the self-incrimination clause of the Fifth Amendment prohibits the Government from ever summoning before a grand jury one who has become a target of inquiry and is a "potential" defendant. * * * [T]he Fifth Amendment does not proscribe the practice here inveighed against. Repeatedly this Court has so ruled, declining to equate the position of a "potential" defendant called before a grand jury with that of one already on trial.

Id. at 207. (Footnotes omitted.) See United States v. Cleary, 265 F.2d 459, 460 n. 1 (2d Cir.), cert. denied, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548 (1959). Similar results were reached in United States v. Irwin, 354 F.2d 192, 199 (2d Cir. 1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966) and United States ex rel. Laino v. Warden of Walkill Prison, 246 F.Supp.

72 (S.D.N.Y.1965), aff'd per curiam, 355 F.2d 208 (2d Cir. 1966).

Since it is clear because of the foregoing that a potential defendant can be subpoenaed to appear before a Grand Jury, the sole question remaining is what effect, if any, the fact that the Assistant United States Attorney was informed that Miller would assert his constitutional privilege has on the validity of the indictment. In my opinion, there is no effect and no claim of deprivation of a constitutional right has been shown.

In Grunewald v. United States, 353 U.S. 391, 421, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), it was stated that an assertion of a fifth amendment privilege before a Grand Jury is "wholly consistent with innocence." If this be so, how can defendant Miller argue that his rights were violated by being forced to appear and attest to this innocence?

In Namet v. United States, 373 U.S. 179, 188, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963), the Supreme Court stated that even where the prosecution was advised that a witness at a trial would invoke a fifth amendment privilege, he did not have to accept this claim at face value. It is my opinion that the same rule would apply to an appearance by a witness before a Grand Jury.

In Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956), in response to a claim that the return of an indictment based solely on hearsay evidence violated appellant's fifth amendment rights, Mr. Justice Black stated, "An indictment returned by a legally constituted grand jury, like an information drawn by the prosecutor, if valid on its face is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."

The right of the Government to call a witness at a trial where there is knowledge or reason to believe that said witness will refuse to testify has been held not to constitute error. Namet v. United

States, supra; United States v. Gernie, 252 F.2d 664, 669 (2d Cir.), cert. denied, 356 U.S. 968, 78 S.Ct. 1006, 2 L.Ed.2d 1073 (1958); United States v. Romero, 249 F.2d 371 (2d Cir. 1957); cf. United States v. Cioffi, 242 F.2d 473 (2d Cir.), cert. denied, 353 U.S. 975, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957).

"[D]enying the grand jury the right to call [Miller] would not have prevented his indictment and could only have hampered the inquiry into wrongdoing, if any, of others." United States v. Winter, supra, 348 F.2d at 208. If defendant's motion was granted, this would mean that in any case where a prospective defendant were summoned to appear before a Grand Jury, all he would have to do is inform the United States Attorney that he would assert his constitutional privilege, and he would then not be required to appear and testify. In such case, he would automatically gain immunity from Grand Jury subpoena and "would denude that ancient body of a substantial right of inquiry." Id. at 207. Also to be considered is Judge Weinfeld's statement in *Winter*, supra, that this circuit will not equate a potential defendant appearing before the Grand Jury with one on trial. Ibid.

Defendant makes the bare conclusory statement that United States v. Grunewald, supra, would require dismissal of the indictment in this case. It is my considered opinion that *Grunewald* has absolutely no bearing on this case other than that which has previously been stated. The only matter in *Grunewald* which I find in any way relevant was that appellant invoked his fifth amendment privilege before a Grand Jury. The Supreme Court held that a prior assertion of a fifth amendment privilege cannot be used to impeach subsequent testimony at the trial that is consistent with innocence. Grunewald v. United States, supra, 353 U.S. at 419–424, 77 S.Ct. 963.

■ So much for Miller's arguments that his fifth amendment rights were violated. In broad conclusory fashion, counsel for Miller also argues that said defendant's sixth amendment rights were also violated. The basis for this contention escapes me. All of the constitutional guarantees to which the defendant Miller was entitled were accorded him. His counsel accompanied him to the grand jury room and was present in a closely adjacent area while Miller was appearing before the Grand Jury. Miller was specifically advised in the grand jury room that the Grand Jury might vote an indictment against him, that he had a right to refuse to answer any questions which might incriminate him and that he had the right to leave the grand jury room to consult with his lawyer when he thought it necessary.

For all of the foregoing reasons, I am of the opinion that the indictment filed against defendant Miller is valid and, accordingly, this motion is denied.

### CONCLUSIONS

Recapitulating the within holdings, I have determined the following:

(1) Both defendants' motions for a severance are denied.

(2) Decision is deferred on both motions for discovery and inspection of statements, admissions or confessions pending compliance with the procedure hereinbefore outlined. If no affidavit is submitted by either of the defendants within ten (10) days, the motion will be denied as to that defendant.

(3) The defendants' motions for bills of particulars are granted only insofar as they have been consented to by the Government.

(4) Both motions for production of exculpatory information are denied without prejudice to renewal at the appropriate time.

(5) Determination of defendant Leighton's motion for production and inspection of electronic devices is deferred pending a decision in (2) supra.

(6) Defendant Leighton's motion for a hearing on the issue of entrapment is denied.

(7) Defendant Miller's motion to dismiss the indictment is denied.

It is so ordered.

### On Motions for Discovery and Inspection

In the opinion of January 23, 1967, decision was deferred on defendants' motions for discovery and inspection of any alleged confessions, admissions or other statements made by defendants to any agent or officer of the Government.

At that time, the Court pointed out that the sole reason presented by defendants' counsel for this relief was that it was "squarely within the present Rule 16 of the Federal Rules of Criminal Procedure."

The Government opposed and opposes the motion not only on the ground that the original motion contained no showing of any reason to justify such production, but on the further ground now presented that the only confessions or statements by the defendants in the Government's possession are transcriptions of conversations of the defendant or defendants in the course of the commission of the crime.

It is difficult to see how such conversations could fall within the definition of a "statement" made by the defendant under Rule 16(a).

As I indicated in my opinion of January 23d, a defendant is not required to advance a "compelling reason" before a motion under amended Rule 16(a) may be granted. However, in the absence of any assertion of grounds for production, decision was deferred on this portion of defendants' motions until they had submitted affidavits setting forth the grounds for their requests. No requirement of affidavits by the defendants themselves was imposed. Indeed, the original motions were supported only by affidavits of their attorneys.

These attorneys now characterize the Court's prior holding as "a rigidly narrow construction [of] the rule" and claim that the "price the Court sets upon obtaining the discovery so plainly contemplated by Rule 16(a) is the abandonment of [defendants'] right to remain silent under the Fifth Amendment and [their] Sixth Amendment right to the effective and confidential assistance of counsel * * * [and] is too high." (Kasanof Aff't pp. 1–3.)

In so doing, they misconstrue both the scope of amended Rule 16(a) and the Court's prior opinion. And although they admit that the Court has discretion in ruling on a motion under Rule 16(a), and accordingly performs a judicial function, the sum and substance of their argument is that the Court in effect performs only a ministerial function and that confessions and statements are producible as a matter of right under the amended Rule.

While it is true that other subdivisions of amended Rule 16 require a showing of materiality to the preparation of the defense and that the request is reasonable * whereas no such requirement is imposed with respect to discovery and inspection under subdivision (a), nevertheless I cannot believe that the amendment to Rule 16 revoked the provision of Rule 47 of the Federal Rules of Criminal Procedure requiring that a motion "state the grounds upon which it is made."

 Since the Government apparently, under amended Rule 16(e), has the burden of making a sufficient showing for the denial, restriction or deferment of such discovery, it would appear only reasonable that it be informed of the grounds on which such discovery is sought. Accordingly, as I have heretofore stated, while a defendant is not required to advance "a compelling reason" before his motion is granted, some as-

---

* Fed.R.Crim.P. 16(b). There is a similar requirement on the part of the Government in the case of discovery by it under subdivision (c).

sertion of grounds for the need of such discovery and inspection must be alleged.

■ The statement which is in the Government's possession is a recording, as already indicated, of statements made during the commission of the crime. The defendant Leighton has also requested production and inspection of the device used for recording the alleged statement. The Court denied such motion prior to trial but further provided that if the transcribed statement were ordered produced the Government should also furnish such defendant with the name and model of the machine allegedly used, with inspection of the actual machine deferred until the time of trial.

Regardless of whether the statement involved herein is the type of statement contemplated by amended Rule 16(a), and on that point I reach no determination herein, it would appear that a defendant may question the authenticity of such a recording at the time of trial and may claim alterations or deletions, and that, accordingly, he should be furnished with a copy of such transcribed statement in advance of trial, together with the name and number of the machine and the time and place said machine was used. Such production is proper under Rule 16(b), as amended, since such subsection would, in my opinion, authorize the production and inspection of the recording machine and the tape itself. Accordingly, since sufficient grounds now appear from the papers herein, the Government is directed to furnish each defendant with a copy of such transcript of his "statement", if any, in lieu of the tape or record itself, together with the name and number of the recording device used and the approximate time and place that said recording was made. There is sufficient authority for such an order without treating the "statement" as falling within the scope of Rule 16(a). Monroe v. United States, 98 U.S. App.D.C. 228, 234 F.2d 49 (D.C.Cir.), cert. denied, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956).

So ordered.