**UNITED STATES of America**
v.
**Anthony A. LONGARZO, Defendant.**
**No. 67–Cr.–241.**

United States District Court
S. D. New York.

Sept. 5, 1967.

———◇———

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, by Jack Kaplan, Asst. U. S. Atty., of counsel.

Blinder & Steinhaus, New York City, for defendant.

CROAKE, District Judge.

### MEMORANDUM

This is a motion for discovery and inspection pursuant to Rule 16(a), Fed.R.

Crim.P. The defendant requests that the Government produce for discovery and inspection a statement taken from the defendant under oath by Special Agents of the Internal Revenue Service several months prior to referral of the case to the regional counsel with a recommendation for prosecution.

The defendant is charged in a four count information with violations of Sections 6012(a) and 6072(a), Title 26, United States Code. The Government charges that the defendant unlawfully, wilfully and knowingly failed to make required income tax returns to the District Director of Internal Revenue for the Manhattan District for the years 1960 through 1963 within statutory time periods.

 Rule 16(a) of the Federal Rules of Criminal Procedure is a greatly expanded and reworded version of the prior Rule 16. See 1966 amendments, Rule 16, Fed.R.Crim.P., and Advisory Committee Notes. The purpose of the extensive amendments is to permit wider discovery by a defendant of his written or recorded statements, specific physical, mental, scientific tests, or experiments made in connection with the particular case, and recorded testimony of the defendant before a grand jury. It has been said that the present Rule 16 gives the defendant an almost automatic right to his written or recorded statements or confessions. United States v. Federman, 41 F.R.D. 339, 341 (S.D.N.Y.1967); Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276, 1277 (1966). Despite this liberality, however, there is no question but that the Rule clearly vests the court with wide discretion to prevent abuses of this broad discovery device. United States v. Louis Carreau, Inc., 42 F.R.D. 408 (S.D.N.Y. June 30, 1967); United States v. Diliberto, 264 F.Supp. 181 (S.D.N.Y.1967); United States v. Roberts, 264 F.Supp. 622 (S.D.N.Y.1966).

The defendant states that " * * * [he] is in such a confused state of mind that he has no recollection concerning the questions that were put to him nor of the answers that were given. Consequently, it is difficult to prepare the defendant's defense."

 The amendments to the Federal Rules of Criminal Procedure contemplate just such circumstances by deleting any requirement for specific cause shown. (See former Rule 16, Fed.R. Crim.P.; Rule 16(b), Fed.R.Crim.P.) The criteria for exercise of the court's discretion were delineated in United States v. Roberts, 264 F.Supp. 622, 624 (S.D.N.Y.1966) where the court stated that in order to enable the court to properly exercise its discretion, the defendant should be required to show sufficient facts upon which the court can base an opinion. These facts or reasons need not be compelling but need only give the court information sufficient to make use of its discretion. United States v. Diliberto, 264 F.Supp. 181 (S.D.N.Y.1967). In the present case, the attorney for the defendant states that the information sought is essential for the preparation of the defense. While this statement is not specific there is no requirement of specificity in the amended rules and the application sets forth a salient reason for exercise of the court's discretion.

The Government claims that the defendant " * * * is seeking details of the Government's evidence, not facts bearing upon the offense charged." This argument seems better addressed to a motion under Rule 7(f), Fed.R.Crim.P., for a bill of particulars, rather than one under Rule 16(a) which recognizes the fact that discovery of the defendant's statements often seeks or leads to discovery of details of the Government's evidence.

The request of the defendant for production of the above transcript is granted.

So ordered.